BURKE, SHERIFF AND TAX COLLECTOR, *v.* LEGGETT ET AL.

[79 South. 843, Division A.]

1. TAXATION. *General levy. Correction.*

Where the minutes of the November meeting of the board of supervisors erroneously showed that the board had made a levy of ten mills as a "general county tax," it was proper for the board, at its December meeting, to correct such error so that the minutes should show a levy of seven and one-quarter mills for this purpose.

2. TAXATION. *Special levy. Designation of purpose. Statute Mandatory.*

An order of the board of supervisors levying a tax for "Courthouse Special" is void, because such order failed to designate the object for which the levy was made. Since section 324 of the Code of 1906, providing that the purpose of the levy shall be designated, is mandatory and not directory.

APPEAL from the chancery court of Wayne county. HON. WILL DENNY, JR., Chancellor.

Suit by T. H. Leggett and another against R. S. Burke, as Sheriff and Tax Collector, to enjoin the collection of a special tax. From a judgment for plaintiffs, defendants appeal.

The facts are fully stated in the opinion of the court.

*M. L. Heidelberg,* for appellant.

On motion to dissolve the injunction, the court below held that the levy made by the board at the December, 1916, meeting for courthouse special was void, because the minutes of the board failed to show what purpose the levy was made, whether for repairs, jail, or what. The court apparantly assumed that the board had a right to change the levy as made by it at its November, 1916, meeting, and that the levy by the board at the December, 1916, meeting was the levy in legal force and effect, if any.

To our understanding the levy made by the board at the November 1916, meeting was and is the only one in legal force, and effect, the board having no power to review, reverse, or vacate its own judicial action after final adjournment, especially after the rights of tax payers had attached, and the taxroll had been turned over to the tax collector and he authorized to collect the taxes for the year. *Keenan* v. *Harkins,* 82 Miss. 709.

The levy, as made by the board at its November, 1916, meeting was in all respects legal and within the law. The acts of the legislature for the year 1916 authorized a levy for general county purposes (exclusive of roads, courthouses, common school, and agricultural high school), ten mills on the dollar. Acts of 1916, page 73.

The levy made by the board for bridges is really a road tax. All laws relating to roads also apply to bridges which are a part of the road, wherever built. See chapter 123 of the Code of 1906, and especially sections 4425, 4431 and 4434 of that Code, and more especially the Laws of 1912, under which Wayne county was at that time and is now working public roads, to-wit: chapter 258 of the Laws of 1912, being an amendment of chapter 150 of the Laws of 1910, in which act the legislature said: ''The said board may raise funds for working roads and building bridges by bond issue, by commutation tax of three dollars by an *ad valorem* tax on the assessed value of the real and personal property of the county, by an acreage tax, or by both, or any, or all of said methods.'' This particular law is declared to be a road law and included bridges and when the board divided the road fund, part for road and part for bridges, it was following an old custom and practice approved by law. The law under which the board was at that time working the public roads, the Laws of 1912 heretofore referred to, does not set a limit as to the tax that may be levied

by the board for road purposes, but leaves the amount entirely in their control, on the theory, doubtless, that road building, being a matter of great public benefit, and not likely to be abused, the local boards of the counties could be trusted to make a levy that the people would be willing to pay, and if not willing, that public opinion would correct any abuse in a short time.

If our theory is correct as to the road and bridge tax being one and the same, and that they came within the exception named by the legislature of 1916, and if our theory that the levy made by the board at its November, 1916, meeting, might also be correct, then it follows that the injunction sued out by appellees was wrongfully sued out and should be dissolved.

If the board erred in changing the county levy so as to read county seven and one-fourth, and courthouse special two and three-fourths, the remedy of appellees was not by suing out an injunction to stop the collection of the tax, and refusing to pay the tax, but by an injunction against the board, prohibiting it from spending any part of the money for courthouse purposes, the whole levy being for general county purposes.

*Heidelberg & Johnston,* for appellees.

Section 324 of the Code of 1906 reads as follows, to wit: "The board of supervisors of any county may levy a special tax for the erection, remodelling, enlarging, or repairing of the courthouse, jail, or other county buildings, and the order making such special levy shall designate the objects for which the levy is made, and the fund shall be applied to no other purpose." The contention of the appellees, as will appear fully from the amended bill, is that the order as above set forth, does not designate the objects for which the levy was made; whether it be for the erection, remodelling, enlarging, or repairing the court house, is not set out,

and hence, by virtue of section 324 of the Code of 1906, the levy is void.

The contention of the appellees in this case is that the statute in question is mandatory and not directory, as the appellant contended.  Statutes are divided into two classes, mandatory and directory.  The failure to observe the first renders an act void, while a failure to observe the second does not affect the validity of the act.  The leading case in this state on the construction of a statute is the case of *Koch et al* v. *Bridges et al.,* 45 Miss. 247.

We ask that the court read especially the above case on the construction of a statute.  The statute in this case requires that the board "*shall* designate the objects for which the levy is made," and therefore, we contend that the maxim—"*Expressio unius est exclusio alterius*" applies.

A short history of the above statute, however, will, we believe, convince the court beyond the shadow of a doubt that the legislature intended it to be mandatory, and not merely directory.  This statute first appeared in the Code of 1857, article 22, page 417, in the following words: "The board of police of any county may levy a special tax for the erection or repair of the courthouse, jail, or other county buildings, and bridges, whether the same shall exceed the state tax, or not, to be applied to no other purpose."  The case of *Coulson* v. *Harris,* 43 Miss. 728, which is so prominently annotated under section 324 of the Code of 1906, was decided under this section.  The attorneys in that case centended that under the liberal language used in that section, the court should declare the tax because it did not designate the objects for which it was levied.  The court agreed with the counsel to a certain extent, and said in part that while "the board, in levying a special tax, should specify its objects, the levy will not be void in failing to do so."  There is absolutely noth-

ing in that statute making the duty mandatory on the board to specify the objects. In fact, the words of the Code of 1906, "and the order making such special levy shall designate the objects for which the levy is made," are entirely left out of the Act of 1857, and, as we shall attempt to demonstrate later, were put in the Code of 1906 to meet the decision in *Coulson* v. *Harris, supra.*

In section 1369, Code of 1871, we find the legislature attempting to get around the decision in the *Coulson* v. *Harris case, supra,* and avoid the danger to which the citizens of the different counties had been subjected to. To permit a board of supervisors to levy taxes to build and construct a courthouse, or otherwise, without placing some form or limitation upon them, was simply to encourage fraud itself. To remedy this evil, we see the legislature attempting it in the statute in the Code of 1871 as mentioned above. This statute reads as follows: "The board of supervisors of any county may levy a special tax for the erection or repair of the courthouse, jail, or any other county buildings, and bridges, whether the same shall exceed the state tax or not; to be applied to no other purpose, but before any tax shall be levied for the purpose specified in this section, the board of supervisors shall make or cause to be made, a careful estimate of the costs of erecting the courthouse, jail, or other buildings, or bridge or bridges, as the case may be, and in no case shall the tax for said purpose in any one year exceed one hundred per cent of the state tax." The court will readily see that in order to avoid the evil influences of the Act of 1857 as construed in *Coulson* v. *Harris supra,* the legislature of 1871 first required an estimate to be made of the costs of the building, etc., before a tax should be levied. Thus the act of the legislature of 1871 was a great stride towards protecting the citizenship of the different counties from acts of fraudulent, ex-

travagant, incompetent boards of supervisors, who were not willing to permit their acts to be penetrated by the multitudinous eyes of the public by entering on the minutes of their proceedings the objects for which the money they would secure by their levy would go to. Under the Act of 1857, the board might levy taxes with the intention of building a courthouse, and yet, at a later time, without having designated the objects for which it was to be used, build a bridge. How could the public complain of their acts? Their intentions would be wrapped up in their own minds to be changed at leisure, as interest or desire dictated to them.

Section 2150, Code 1880, and section 305 of the Code of 1892, are the same, with the exception of one or two words as the Act of 1857, and need no further explanation.

The most perfect and salutary act, with reference to this matter, first appeared in the Code of 1906 as section 324. The legislature readily appreciating the dangers to which the Act of 1857 might lead, inserted into the act the provision that the ''order making such special levy must designate the objects for which the levy is made.'' The tax payers of a county under this act are no longer kept in the dark as to what the board of supervisors are going to do with the money which they collect as a special tax. Now, it is apparent from this section of the Code that not only must the supervisors designate the object for which the tax is levied, but this tax must not be applied to any other purpose. No longer can the board of supervisors levy a special tax for the purpose of erecting a courthouse and use the same money for repairing or remodelling an old, worn-out court house building. The above act of the legislature is plain and unambiguous. It is a mandatory act, and the failure of the board of supervisors to comply with it renders the proceedings void.

HOLDEN, J., delivered the opinion of the court.

.The board of supervisors of Wayne county, at its November, 1916, meeting, made a tax levy of ten mills as "General County Tax," and, it appearing to the board that this was a clerical error or mistake made in recording the levy in the minutes of the meeting, corrected the error by changing or amending this tax levy at its following December meeting so that the said ten-mill levy appeared as "General County Tax Levy" seven and one-fourth mills, and "Courthouse Special" two and three-fourths mills. The appellant tax collector was enjoined by appellee taxpayers from the collection of the two and three-fourths-mill tax on the ground that the two and three-fourths-mill tax was void because the order making the levy failed to designate the objects for which the levy was made, as required by section 324, Code of 1906, section 3697, Hemingway's Code, which reads as follows:

"The board of supervisors of any county may levy a special tax for the erection, remodeling, enlarging, or repairing of the courthouse, jail, or other county buildings, and the order making such special levy shall designate the objects for which the levy is made, and the fund shall be applied to no other purpose."

The case was tried in the court below upon the pleadings of both parties showing and admitting that the change of the ten-mill levy to two and three-fourths "Courthouse Special" and seven and one-fourth "General County Tax Levy" by the board at its December meeting was a mere correction of an error in the November minutes to show the true levy made at the November meeting. The appellant now contends here that the November levy is valid and that the change or correction in December is void because the board had no power to alter the November levy at the subsequent meeting; and that, if mistaken in this view,

then the levy of two and three-fourths mills as "Court-house Special" is valid, as the requirement of the statute that the purposes for which the levy is made must be designated by the order is directory and not mandatory.

Waiving here the point that the appellant is bound by his pleadings and proof in the lower court, we think the harmless change or correction in the November levy made by the board at its December meeting was legal, since it was a mere correction of an error in the prior order, and, after all, only amounted to a reduction of the ten-mill "General County Tax" levy to seven and one-fourth mills, about which no one can be heard to complain. *McCready* v. *Lansdale*, 58 Miss. 877. We say it amounted to a reduction of the prior levy of ten mills for the reason that the two and three-fourths-mill levy for "Courthouse Special" is unquestionably void because the order of the board failed to designate the objects for which the levy was made. The statute, section 324, Code of 1906, is mandatory and not directory. The power to make the levy is given by this statute, which provides clearly that the purpose of the levy shall be designated. The order for "Courthouse Special" does not comply with it. The order should have at least designated one of the purposes or objects named in the statute for which the levy was mede.

The decision in *Coulson* v. *Harris*, 43 Miss. 728, holding that the order need not designate the objects of the special levy, is correct under the statute then before the court (article 22, p. 417, Code of 1857), because that statute did not provide that the purpose of the special levy must be designated in the order making it. Section 324 now before us does so provide, is mandatory, and must be followed.

*Affirmed.*