TATUM *v.* SMITH.

(Division A.  Nov. 10, 1930.)

[130 So. 683.  No. 28800.]

Somerville & Somerville, of Cleveland, and **Howorth & Howorth**, of Jackson, for appellant.

512

J. C. Walker, of Shaw, for appellee.

Argued orally by A. D. Somerville, for appellant.

**Smith, C. J.,** delivered the opinion of the court.

The appellee exhibited an original bill against appellant, alleging that she was the owner of a certain lot in the town of Shaw, and that the appellant was claiming title thereto under a void tax sale, and prays for a cancellation of the appellant's tax deed, as a cloud on the appellee's title.

The appellant filed an answer and cross-bill. A demurrer to the cross-bill was sustained. The case was then heard on bill, answer, and agreed statement of facts, and a decree was rendered canceling the appellant's tax deed.

In September, 1926, the state tax commission directed the board of supervisors to raise the assessments of certain classes of property, including real estate in cities, towns, and villages. This order of the tax commission was complied with by the board at a special meeting held on September 25th. The minutes set forth the call for the meeting, but fail to disclose that this notice thereof was published as provided by law. The omission from the minutes of this jurisdictional fact is alleged to, and we will assume for the purpose of the argument does, render this order of the board void.

Was the tax sale void? Section 4332, Code of 1906, Hemingway's Code 1927, section 8251, which designates the effect of a tax collector's deed to land sold by him for taxes due thereon, provides that "no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place; and, if any part of the taxes for which the land was sold was illegal or not chargeable on it, but part was chargeable, that shall not affect the sale nor invalidate the conveyance, unless it appear that before sale the amount legally chargeable on the land was paid or tendered to the tax collector."

The bill of complaint does not allege, and the record negatives, any tender to the tax collector of any taxes on the land for the nonpayment of which it was sold. The question then is: Were any taxes due on the land for the nonpayment of which it was sold? The answer to this question will be determined by the answer to another, which is: Was the entire assessment roll void, or only the raise in the assessments thereon attempted to be made at the September meeting of the board?

The question is one of great public importance, and all persons, including taxpayers, who are not seeking to escape the payment of taxes, will probably agree that unless the statute clearly so requires, an assessment roll will not be stricken down in its entirety, and the public be thereby deprived of all taxes thereon, merely because of an invalid order attempting to raise assessments thereon that were theretofore legally made.

An examination of the chapter 323, Laws of 1920, discloses the following procedure for the approval of assessment rolls: The assessor must deliver the assessment roll to the clerk of the board of supervisors on or before the first Monday of July. At its July meeting the board must equalize the assessments thereon, and publish notice that the roll, as equalized, is open for inspection. Section 7 of the statute provides:

"A person who is dissatisfied with the assessment may, at such August meeting, present objections thereto in writing which shall be filed by the clerk and docketed and preserved with the roll. All persons who fail to file objections shall be concluded by the assessment and precluded from questioning its validity after its final approval by the board of supervisors or by operation of law, except minors and persons non compos mentis."

Prior to September 1st the board must transmit to the state tax commission, a recapitulation of the assessment as equalized, which recapitulation must be examined by the board, and any percentage which it may direct to be

added to or taken away from the assessment must be certified to the board of supervisors, which must act thereon in accordance with the order of the state tax commission, after which the clerk of the board of supervisors must make copies of the assessment roll and transmit one of them to the state tax commission. The roll must then be examined by the state tax commission, and if found correct, the commission must certify that fact to the board of supervisors, which certificate or order must be entered by the board of supervisors on its minutes, when, but not until then, the roll becomes finally approved and ready for use by the tax collector. Edward Hines Yellow Pine Trustees v. Knox, 146 Miss. 101, 112 So. 12.

No objection to the original assessment of this property was made at the August meeting of the board, and no defect therein is here alleged except as it is affected by the defect in the September order raising the assessments.

Had no change been directed to be made by the state tax commission in the assessment roll as approved by the board of supervisors at its August meeting, the assessments thereon would have remained in effect, though the roll would not have been ready for the tax collector until its final approval. If the order entered by the board pursuant to the direction of the state tax commission to increase this assessment is void, it may be disregarded and eliminated from the final approval of the roll, thereby leaving the original assessment in full force and effect. Robertson v. First Nat. Bank of Greenwood, 115 Miss. 840, 76 So. 689.

That case was tried under provisions of chapter 98, Laws of 1916, the requirements of which are somewhat different from those of chapter 323, Laws of 1920, but that difference is of no consequence here.

It follows, therefore, that if the order increasing the taxes on the appellee's land was void, she was chargeable with, and should have paid, taxes thereon according to the original assessment therefor. And since she did not

tender to the tax collector the taxes so due, the sale made by him therefor is valid.

Reversed and bill dismissed.