GULF & SHIP ISLAND R. CO. *v.* HARRISON COUNTY.

(In Banc.   Nov. 24, 1941.)

[4 So. (2d) 717.   No. 34735.]

W. P. Martin, III, R. C. Beckett and E. C. Craig, all of Chicago, Illinois, C. H. McKay, of Memphis, Tennessee, and A. S. Coody, Jr., of Jackson, for appellant.

Jo Drake Arrington, of Gulfport, for appellee.

Argued orally by **A. S. Coody, Jr.,** and **W. P. Martin, III,** for appellant, and by **Jo Drake Arrington,** for appellee.

**Roberds, J.,** delivered the opinion of the court.

The Legislature, at its 1938 extraordinary session, Ch. 28, Extraordinary Session 1938, pp. 78-81, by amendment, reworded and changed in some respects Section 3227 as it appeared in the Code of 1930, providing for the time and manner of levying taxes by the supervisors of the various counties of the State, and then added these requirements:

"In making the levy of taxes, the board of supervisors shall specify, in its order, the levy for each purpose, as follows:

"1. For general county purposes (current expenses and maintenance taxes), as fixed and limited by section 2, chapter 104, laws of 1932."

The act then specifies seven other purposes which shall be specified in the order levying the taxes for those objects, such as for roads and bridges, road bonds and interest, etc. And at the end of the section appears this provision: "The order shall state the rate, or levy, for

each item making the total of the levy for the first pur-
pose listed above, but such details need not be shown on
the tax receipt."

The first purpose listed above is for general county
purposes.

The supervisors of Harrison County made the levy for
general county purposes in these words: "General Coun-
ty Fund . . . 5.000 upon each dollar of valuation of
taxable property of Harrison County, for general expenses
of the County."

Appellant is a taxpayer of Harrison County. It con-
tended this levy did not comply with the foregoing law
and was illegal and void; paid its taxes under protest,
and petitioned the supervisors for a refund thereof, which
was denied, and on appeal to the circuit court of that
county, the action of the supervisors was affirmed, from
which judgment of the circuit this appeal is taken.

Appellee admits the levy does not comply with the re-
quirements of the law, but says it is valid because (1) the
requirements of the statute are not mandatory but merely
directory, and (2) that, if mandatory, the defect was
cured by the prior publication by the supervisors of the
budget of the county for 1939.

The requirements of the statute are mandatory, and
substantial compliance must be had therewith. These
are entirely new provisions. No such requirements ap-
pear in the old statute. There could have been no pur-
pose in adding these requirements had they been merely
directory, to be complied with or not as the supervisors
desired.

The words of the statute are clear and positive. It says,
"The order shall state the rate, or levy, for each item
making the total of the levy for the first purpose listed
above." These words are unequivocal; there is nothing
uncertain about them.

Laudable purposes may be readily perceived for the
requirements. Several classes of objects are included in
"general county purposes," such as salaries of county

officers, expenses of the courts, etc. The taxpayers have a right to know the rate of the levy and the amount to be expended for each object. Too, the requirement is a check on the supervisors in making a total, blanket, lump-sum levy, without showing the items which support that total.

The case of Burke v. Leggett et al., 118 Miss. 660, 79 So. 843, 844, involved a question very similar to this. There the statute read: "The board of supervisors of any county may levy a special tax for the erection, re-modeling, enlarging, or repairing of the courthouse, jail, or other county buildings, and the orders making such special levy shall designate the objects for which the levy is made, and the fund shall be applied to no other pur-pose." The order making the levy described the object of the tax as "Courthouse Special." The court said: ". . . the 2¾-mill levy for 'Courthouse Special' is un-questionably void because the order of the board failed to designate the objects for which the levy was made. The statute, section 324, Code of 1906, is mandatory and not directory. The power to make the levy is given by this statute, which provides clearly that the purpose of the levy shall be designated. The order for 'Courthouse Special' does not comply with it. The order should have at least designated one of the purposes or objects named in the statute for which the levy was made."

Appellee admits the board could have complied with the requirements, because it says the budget was a legal substitute for the order. A budget, as to the coming year, is an estimate of the expenses. Section 3970, Code of 1930. It may be revised under certain conditions. Section 3976, Code of 1930. The budget is not in the record and we do not know what it shows, but assuming, as the fact no doubt is, that the budget was properly prepared and published, it could not take the place of a positive statutory requirement as to the contents of the order making the levy.

In a long list of cases this court has announced the rule

that taxing statutes of doubtful meaning are construed against the taxing power, and all doubts are resolved in favor of the taxpayer. Town of Utica v. State, 166 Miss. 565, 148 So. 635; Gully v. Jackson International Co., 165 Miss. 103, 145 So. 905, and authorities cited in these cases.

The wisdom of the statute is not for us to decide. We have only the duty to construe it as written. The requirements of the statute are mandatory and the order in this case does not comply with them, and the levy is not legal.

Reversed and remanded.