340 So.2d 6 (1976)
Joseph Weeks GUESS et al.
v.
RIVERSIDE FARMS, INC.
No. 48952.
Supreme Court of Mississippi.
November 30, 1976.
Brooks & Guyton, Otho E. Pettit, Jr., John D. Guyton, Kosciusko, for appellant.
Thornton & Dorrill, George L. Dorrill, Kosciusko, for appellees.
Before GILLESPIE, SUGG and BROOM, JJ.
*7 SUGG, Justice, for the Court.
Complainant, Riverside Farms, Inc., filed suit in the Chancery Court of Attala County to confirm its title to a parcel of land described as "20 a. E. side W 1/2 SW 1/4 E. River of Section 21, Town 15, Range 5, County of Attala." Complainant's title depends on the validity of a forfeited tax land *8 patent issued by the State of Mississippi. Defendants answered, denied the validity of the tax sale on which the patent was based and filed a cross-bill seeking to confirm their title. The chancery court confirmed title in complainant[1] and dismissed defendants' cross-bill.
In 1907 J.A. Weeks purchased a large tract of land situated in Holmes and Attala Counties, including the land in controversy. The land in controversy was assessed for taxes in Holmes County as far back as 1907 and taxes were paid each year in Holmes County up to the date of the trial. In 1938 the land was assessed for ad valorem taxation in Attala County and described on the tax rolls as "20 A., more or less, E side W 1/2 SW 1/4 of Big Black R. Section 21, Township 15, Range 5." The land was assessed to "unknown" as authorized by Mississippi Code Annotated section 27-35-55 (1972). Taxes for the year 1938 were not paid in Attala County and the land was sold to the state for unpaid taxes.
J.A. Weeks conveyed the land in controversy, along with other land, to defendant Eugenia Weeks Guess and reserved an undivided one-half interest in the minerals. The minerals were part of the residue of the Estate of J.A. Weeks and the residuary devisees were made parties to the suit. Eugenia Weeks Guess conveyed the land in controversy, along with other land, to the defendant Joseph Weeks Guess in 1966 and in 1974 executed a correction deed to her grantee to the W 1/2 SW 1/4 of Section 21. The correction deed described the property as being situated partly in Holmes County and partly in Attala County.
Defendants contend that complainant's title should fail because complainant did not prove that the land was located in Attala County. Complainant relied in trial court, and relies here, on Mississippi Code Annotated section 13-1-115 (1972) which provides in part:
A conveyance made by a tax-collector to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, shall be prima facie evidence that the assessment and sale of the land were legal and valid.
Defendants correctly state that the presumption of the validity of a tax sale may be rebutted. Walker v. Polk, 208 Miss. 389, 44 So.2d 477 (1950); May v. Ellis, 210 So.2d 883 (Miss. 1968). They argue that the presumption of the validity of the tax sale was rebutted because the land was assessed for taxation for 1938 in both Holmes County and Attala County and the 1938 taxes were paid in Holmes County. We do not agree with this argument because the presumption of section 13-1-115 applies to sales and assessments on which sales are based. It does not apply to assessments where no sale is made. We hold that the presumption of validity of a tax sale under section 13-1-115 includes the presumption that the land is located in the county where assessed and sold for delinquent taxes.
Defendants alleged as an affirmative defense that the land was not located in Attala County but was located and assessed in Holmes County. Defendants contend that, when this fact was raised as a defense, complainant was required to prove that the land was located in Attala County. This argument overlooks the fact that one who asserts an affirmative defense must go forward with proof of the affirmative defense. Defendants offered no proof that the land in question was located within Holmes County, other than the fact that it was assessed in Holmes County.
The answer of defendants was inconsistent in that they admitted in another part of their answer that the W 1/2 SW 1/4 was situated partly in Holmes County and partly in Attala County. The stipulation of the parties included the correction deed from defendant, Eugenia Weeks Guess, to defendant, Joseph Weeks Guess, to the W 1/2 of SW 1/4 and the correction deed described the land as being partly in Holmes County and partly in Attala County. The defendants *9 did not meet the burden of proving their affirmative defense; instead, the admission in defendants' answer and the recital in the correction deed support the fact that the land was located in Attala County.
Defendants next contend that the tax sale was void because the land was subjected to double taxation. It was stipulated by the parties that the land was assessed for taxation in both Holmes County and Attala County for 1938 and the 1938 taxes were paid in Holmes County. Defendants contend that this constitutes double taxation.
Double taxation did not result from the fact that two separate taxing authorities, Attala County and Holmes County, imposed taxes on the same land. The only county which has authority to impose a tax on property is the county in which the property is situated. Illegal double taxation consists of taxing the same property twice, for the same purpose, by the same taxing authority, during identical taxing periods. 84 C.J.S. Taxation § 39, at 131-132 (1954). These facts do not exist in this case.
Mississippi Code Annotated section 27-35-49 (1972) requires every person owning land to deliver a list of any land owned by him to the tax assessor by April 1st of each year on a prescribed tax list showing the taxing district in which the land is located. This section clearly places the burden on the landowner to list his land for taxation with the tax assessor of the proper county. The burden is placed on the landowner rather than the tax assessor because this section does not require an assessor to examine every deed of record in his county to ascertain the owners of property. If a taxpayer's land is assessed in the wrong county, he should call it to the attention of the taxing authorities.
Appellants also contend that the 1938 tax levy by Attala County was illegal because it failed to comply with Mississippi Code § 3227 (1930), as amended by Ch. 28, § 1 (1938) Miss.Gen.Laws 78. This statute provides that all tax levies for general fund purposes shall contain the items to be covered by the general fund levy and shall specify the rate of tax applicable to each item within the general fund levy. Although this statute was subsequently repealed, it was in force at the time of the 1938 tax levy.
The 1938 tax levy by the Attala County Board of Supervisors stated the rate of taxation for the general fund levy, but did not specify the rate applicable to each item. In an effort to comply with the statute, the Attala County Board of Supervisors amended the 1938 tax levy to provide the rate applicable to each item within the general fund levy. The amendment was adopted in 1939 before the sale of the land in controversy for delinquent taxes. Since the original 1938 tax levy by Attala County did not comply with the statute, the question presented by this issue is whether the subsequent amendment to the tax levy cured the original defect.
The rule is well established that a harmless error in a tax levy may be amended. Burke v. Legett, 118 Miss. 660, 79 So. 843 (1918). Where a levy substantially complies with the law, a formal defect in the levy may be cured by a subsequent amendment. 84 C.J.S. Taxation § 369, at 702 (1954):
An entire omission to levy a tax cannot be cured by amendment; nor can an amendment be made so as to make in effect a new levy, or to correct a failure to comply with the law in substantial particulars. Where, however, a levy has been made in substantial compliance with the law, but the record thereof is ineffectual because of some formal defects or irregularities, it may be amended to correct defects or irregularities, such as in respect of its failure to state the rate or amount and purposes of the tax, or to explain the meaning of terms used in the levy; and it has been held that such amendment, as a political act, may be made some years after the original levy.
The 1939 amendment supplied an omission in the original levy. The amendment did not change the rate of taxation, but itemized the original levy to comply with *10 the statute. The tax levy as corrected was valid.
We have carefully considered the other issues raised by the appellants and have determined they do not merit discussion. For the foregoing reasons the decree of the chancery court is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.
NOTES
[1] Complainant's title was confirmed subject to an oil and gas lease, a deed of trust and certain mineral reservations described in the decree. The rights recognized arose from instruments executed by complainant or its predecessor in title.