342 So.2d 1293 (1977)
Francis M. WILSON
v.
JONES COUNTY BOARD OF SUPERVISORS.
No. 49484.
Supreme Court of Mississippi.
January 12, 1977.
Rehearing Denied March 23, 1977.
*1294 Andalman, Bergmark, Adelman & Steiner, Alison Steiner, Hattiesburg, for appellant.
Leonard B. Caves, Laurel, for appellee.
J. Marshall Lusk, Jr., Jackson, on brief for Mississippi Assn. of Supervisors, amicus curiae.
Before PATTERSON, SUGG and WALKER, JJ.
SUGG, Justice, for the Court.
The Jones County Board of Supervisors levied an additional two mill ad valorem tax for general county purposes on September 9, 1975 authorized by Mississippi Code Annotated section 27-39-304 (Supp. 1976).[1] Appellant appealed the board's action to the Circuit Court of the First Judicial District of Jones County, contending that the statute authorizing the additional two mill levy is unconstitutional. The circuit court dismissed the appeal and appellant appealed to this Court.
The primary question on this appeal is whether the provisions of XX-XX-XXX authorizing the Board of Supervisors of Jones County to levy an additional two mill ad valorem tax for general county purposes, in addition to the levy for general county purposes authorized by Mississippi Code Annotated section 27-39-303 (Supp. 1976) violates Section 112 of the Mississippi Constitution of 1890.
Appellant attacks the portion of section 27-39-304 which reads as follows:
[F]urther, that the board of supervisors of any county having a population in excess of fifty-nine thousand five hundred forty (59,540) in the 1960 federal decennial census and being traversed by U.S. Highway 11 which intersects U.S. Highway 84 may, in its discretion, levy an additional two (2) mills or any portion thereof, which additional levy would be for one year, ...
Appellant correctly asserts in his argument that the quoted portion of the statute can apply only to Jones County. He argues that the fact that two named highways intersect in a county having a population in excess of 59,540 in the 1960 census does not bear a rational relationship to that county's needs in terms of ad valorem tax rates for general county purposes. He further argues that the quoted language of section 27-39-304 neither distinguishes Jones County from any other county falling within the same classification as defined in section 27-39-303 in terms of ad valorem tax needs for general county purposes, nor bears a rational relationship to the purpose of section 27-39-304, and therefore violates Section 112 of the Mississippi Constitution of 1890.
Section 112 requires uniform and equal taxation throughout the state. The legislature has provided that property is to be assessed for ad valorem tax purposes in the counties of the state by the tax assessor in each county and that the assessments are to be equalized by the board of supervisors of the respective counties. In addition to providing for a uniform manner of assessing property for ad valorem taxation and equalizing assessments, the legislature, in Mississippi Code Annotated section 19-3-41 (1972) gave to the boards of supervisors the duty of levying the taxes necessary to meet the requirements of their respective counties, not exceeding the limitation prescribed by law. Section 19-3-41, in varying language, has been a part of the statutory law *1295 of this state since 1848 and was enacted under the authority of Section 170 of the Constitution of 1890 and its forerunners. Section 170 provides that boards of supervisors may be required to perform the duties which may be required by law.
In Y. & M.V.R. Co. v. Claiborne County, 191 Miss. 277, 2 So.2d 548 (1941) we noted that, before 1932, the legislature at each session imposed a limitation on the amount of tax which a county could levy. This method of limiting the millage rate which a board of supervisors could levy was changed by Chapter 104, Laws of 1932 [now Mississippi Code Annotated section 27-39-301 (1972)]. It provides that a governing authority, having the power to levy ad valorem taxes, may not make a levy in excess of the limitation provided by the chapter after the expiration of the fiscal year ending September 30, 1932. The statutory plan for assessment of property for ad valorem tax purposes and for limiting the amount of the tax levy, or millage rate, is a comprehensive plan insuring uniform and equal ad valorem taxation throughout the state.
Mississippi Code Annotated section 27-39-303 (Supp. 1976) is the authority for boards of supervisors to levy taxes in their respective counties for general county purposes. This section authorizes a tax levy based on assessed valuation of property located in the county. The rate varies from twelve mills in counties having an assessed valuation of less than $3,000,000 to six mills in counties having an assessed valuation of $20,000,000 or more. A limitation was placed on the millage rate that could be levied by boards of supervisors by classifying the counties according to assessed valuation. We are of the opinion that the classification contained in section 303 bears a rational relationship to the purpose of securing uniformity and equality in ad valorem taxation.
The first question is whether the designation of Jones County for different treatment from other counties by reference to highways and the 1960 census bears a rational relationship to the purpose of section 27-39-304. The general rule is that when a taxation statute makes a classification which causes it to operate on only a limited number of persons or in a single geographical area, the classification must be based on some reasonable ground and some real difference which bears a just and proper relation to the object sought to be accomplished. Walker v. Board of Supervisors of Monroe County, 224 Miss. 801, 81 So.2d 225 (1955). In Culley v. Pearl River Industrial Commission, 234 Miss. 788, 108 So.2d 390 (1959), we held that the equal and uniform requirement relates to the levy of taxes and held further that since the classification of the Pearl River District was valid and proper, the contingent levy authorized did not fall within the prohibition set forth in Walker, supra.
The purpose of section 27-39-304 is to permit additional taxes for general county purposes when the tax levy authorized by section 27-39-303 is insufficient to produce enough revenue to pay the general operating expenses of a county. Section 304 authorizes any county having an assessed valuation of less than $8,000,000 to levy no more than two additional mills and any county having an assessed valuation of more than $8,000,000 to levy no more than one additional mill for general county purposes.
The last paragraph of the section prescribes the manner in which the additional millage rate may be imposed. It requires the board of supervisors to publish notice of its intention to levy the additional rate, and if the required number of qualified electors file a written protest against the making of the additional levy, then an election on the question of making the levy may be called and held. If no protest is filed, then the additional levy may be made without an election. However, after a protest is filed the board of supervisors may, in its discretion, decide not to call an election on the question of the additional levy in which event it may not make the additional levy.
The exception to the general classification quoted in paragraph three of this opinion is an attempt to single out Jones *1296 County for different treatment from other counties falling within the same classification based on assessed valuation. The designation of Jones County by referring to highways and the 1960 census does not bear a rational relationship to the purpose of section 27-39-304. We therefore hold that the quoted portion of section 27-39-304 violates Section 112 of the Mississippi Constitution. There are eleven other exceptions in the section subject to the same constitutional infirmity.
The next question is whether the invalid part of the statute is separable from the valid part, and after the invalid part is stricken out, will a complete and consistent plan for an additional levy remain?
It is the Court's duty in passing on the constitutionality of a statute to separate the valid from the invalid part, if this can be done, and to permit the valid part to stand unless the different parts of the statute are so intimately connected with and dependent upon each other as to warrant a belief that the legislature intended them as a whole, and that if all cannot be carried into effect it would not have enacted the residue independently. Howell v. State, 300 So.2d 774, 781 (Miss. 1974); American Express Co. v. Beer, 107 Miss. 528, 536, 65 So. 575 (1914); Adams v. Standard Oil Co., 97 Miss. 879, 53 So. 692 (1910); Campbell v. Miss. Union Bank, 7 Miss. 625 (1842).
In Adams v. Standard Oil Co., we held that an exception to confederate soldiers from an act imposing a privilege tax was unconstitutional, but the unconstitutional exemption could be stricken out leaving a complete and consistent privilege tax which the legislature would have passed. The rule was stated as follows:
It is contended, however, for the appellant, that if these void exemptions are stricken from the privilege tax statutes there is left a complete and consistent scheme of raising revenue through privilege taxes; that the void provisions are separable from the others; and the Legislature would have passed the latter, even though it had known the former would be void. In treating this question, Judge Cooley, in his work on Constitutional Limitations (7th ed.) pp. 246, 247, 248, says: `Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand, though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial, but whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. The difficulty is in determining whether the good and bad parts of the statute are capable of being separated within the meaning of this rule. If a statute attempts to accomplish two or more objects, and is void as to one, it may still be in every respect complete and valid as to the other.' To the same effect are Field v. Clark, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294; Allen v. Louisiana, 103 U.S. 80, 26 L.Ed. 318; Ballard v. Oil Co., 81 Miss. 507, 34 So. 533, 62 L.R.A. 407, 95 Am.St.Rep. 476. In Field v. Clark, supra, the Supreme Court of the United States, answering the contention that the whole tariff act of 1890 was void, because of the unconstitutionality of the provision giving a bounty to sugar producers, said: `Unless it is impossible to avoid it, a general revenue statute should never be declared inoperative in all its parts because a particular part relating to a distinct subject may be invalid. A different rule might be disastrous *1297 to the financial operations of the government, and produce the utmost confusion in the business of the entire country.' (Emphasis supplied). (97 Miss. at 907, 908; 53 So. at 696).
Section 27-39-304 was first enacted as Chapter 263, Laws of 1962 with amendments in 1964, 1966, 1968 and 1973 engrafting twelve exceptions to the statewide operation of the statute permitting certain counties to deviate from the general operation of the statute.
The statute as originally enacted did not contain the twelve exceptions now in it. We are therefore led to the inescapable conclusion that the legislature would have enacted the valid part of the statute independently of the invalid part because this is precisely what it did. The invalid part of the statute may be separated from the valid part and stricken out leaving a complete and consistent plan whereby counties may levy additional taxes for general county purposes. We therefore hold that the part of section 27-39-304 authorizing counties to levy additional taxes for general county purposes, and the part in the last paragraph prescribing the procedure to be followed in making the levy, are constitutional.
The final question is whether the entire two mill levy should be declared invalid. This precise question has not been presented to the Court, but we have decided cases involving partial invalidity of tax assessments and tax levies.
In Tatum v. Smith, 158 Miss. 511, 130 So. 683 (1930) we held that an invalid order increasing an assessment did not render a tax sale void. In Tatum the appellee filed an original bill against appellant alleging that she was owner of a lot and that appellant was claiming title under a void tax sale. She prayed for cancellation of appellant's tax deed as a cloud on her title. A legal assessment roll was prepared, but the State Tax Commission directed the board of supervisors to raise the assessments of certain classes of property, including real estate in cities, towns and villages. The order of the Tax Commission was complied with but the board of supervisors did not give the required notice to taxpayers of its intention to increase assessments. The property was sold based on the increased assessment but we held that the owner of the land could not invalidate the sale unless she could show she tendered the portion of tax that was validly assessed. The Court considered the question of whether the entire assessment roll was void or only the increase in assessments made by the board of supervisors, and stated:
The question is one of great public importance, and all persons, including taxpayers, who are not seeking to escape the payment of taxes, will probably agree that unless the statute clearly so requires, an assessment roll will not be stricken down in its entirety, and the public be thereby deprived of all taxes thereon, merely because of an invalid order attempting to raise assessments thereon that were theretofore legally made. (158 Miss. at 514, 130 So. at 683).
The opinion concluded:
It follows, therefore, that if the order increasing the taxes on the appellee's land was void, she was chargeable with, and should have paid, taxes thereon according to the original assessment therefor. And since she did not tender to the tax collector the taxes so due, the sale made by him therefor is valid. (158 Miss. at 515, 516; 130 So. at 684).
Tatum is authority for the principle that although a part of a tax is not due because of an illegal increase in the assessment; nevertheless, the landowner should pay or tender the taxes legally assessed.
In Burke v. Leggett, 118 Miss. 660, 79 So. 843 (1918) this Court affirmed an injunction prohibiting collection of a two and three-fourths mill levy which was void because the order making the levy failed to designate the objects for which the levy was made as required by law. The board of supervisors had levied ten mills for general county purposes but subsequently amended the levy to show seven and one-fourth mills for the general county purposes and two and three-fourths mills for a "courthouse special" fund. The seven and one-fourth *1298 mill levy for general county purposes was upheld. Although not stated specifically in the opinion, it is implicit in the holding that one must pay the portion of any tax which is validly levied.
In Chickasaw County v. Gulf, M. & O.R. Co., 195 Miss. 754, 15 So.2d 348 (1943) we held that part of the tax levy made by the Board of Supervisors of Chickasaw County was for an improper purpose, but required a refund of only the part of the tax levied for the improper purpose, thus leaving in effect the taxes validly levied.
From the foregoing cases, we are led to the conclusion that, where a tax levy or assessment is partially invalid, the tax levy or assessment will not be stricken in its entirety and deprive the public of all taxes, but taxpayers will be required to tender and pay the valid portion of the tax.
The Jones County Supervisors levied a two mill tax for general county purposes under a part of section 27-39-304 which we hold unconstitutional in this opinion; however, the board was authorized to levy one mill additional tax for general county purposes under the valid part of section 27-39-304 authorizing counties with an assessed valuation of more than $8,000,000 to levy an additional one mill tax for general county purposes.
The Jones County Supervisors followed the procedure required for levying the additional one mill tax; therefore, we hold that one mill of the additional two mills levied for general county purposes is valid.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.
NOTES
[1] As amended by Chapter 462, Laws of 1973.