SALCINES, Judge.
C. Jivan Turna, individually, appeals an amended final judgment entered in favor of Advanced Med-Services, Inc. We reverse.
Advanced Med-Services filed a two-count complaint. Count one was a cause of action for breach of oral agreement against C. Jivan Turna, P.A., and count two alleged the same cause of action against Turna in her individual capacity. After a bench trial, the trial court granted judgment for Advanced Med-Services against C. Jivan Turna, P.A., for $182,601, but denied relief against Turna individually. C. Jivan Turna, P.A. appealed the final judgment and. this court affirmed. C. Jivan Turna, P.A. v. Advanced Med-Servs. Inc., 818 So.2d 507 (Fla. 2d DCA 2002).
Advanced Med-Services filed a motion for rehearing as to Turna’s individual liability. At the hearing on the motion, Advanced Med-Services made an ore tenus motion to amend the complaint to add a cause of action against Turna individually for a tortious act which it later identified as intentional interference with an advantageous contractual relationship. The trial court granted the motion to amend and entered the amended final judgment which held Turna individually liable for this tort in addition to holding C. Jivan Turna, P.A., liable for breach of oral contract.
The issue on appeal is whether, pursuant to Florida Rule of Civil Procedure 1.190(b), there was evidence of the tort presented at trial to allow an amendment to the complaint to conform to the evidence after the trial had been completed.
When evidence is introduced at trial concerning facts or issues not included in the pleadings, the trial court, in its discretion, may allow amendments to conform to the evidence. Freshwater v. Vetter, 511 So.2d 1114, 1115 (Fla. 2d DCA 1987). In the present case, the trial court abused its discretion when it allowed the complaint to be amended because there was no evidence presented at trial which would indicate that Turna individually interfered with the contractual relationship between Advanced Med-Services and C. Jivan Turna, P.A.
Accordingly, the amended final judgment is reversed. We remand this cause and direct the trial court to reinstate the original judgment denying relief against Turna individually.
Reversed and remanded.
FULMER and CANADY, JJ., concur.