IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PNC BANK, NATIONAL ASSOCIATION, ETC.,

     Appellant,

 v.                                    Case No.  5D15-3291

AMY SMITH, et al.,

     Appellees.

_____/

Opinion filed June 16, 2017

Appeal from the Circuit Court
for Brevard County,
Charles G. Crawford, Judge.

Joseph A. Apatov, of McGlinchey Stafford,
Fort Lauderdale, Nicolas M. New and
William L. Grimsley, of McGlinchey
Stafford, Jacksonville, for Appellant.

Beau Bowin, of Bowin Law Group, Satellite
Beach, for Appellees.

PER CURIAM.

     In this mortgage foreclosure case, PNC Bank, National Association, Successor by

Merger to National City Mortgage, a Division of National City Bank ("Bank"), challenges

the final judgment entered in favor of Appellees following a trial based upon Appellee,

Duncan Smith's, affirmative defense of "unclean hands."[1]  Because the actions of Bank that the trial court found to have constituted unclean hands involved a separate loan that was not the subject of the mortgage foreclosure complaint, we reverse the final judgment and remand for the entry of a final judgment of foreclosure in favor of Bank.

In 2008, Appellees borrowed money from Bank's predecessor to construct a home in Brevard County.  Appellees executed two separate promissory notes to repay these funds.  The first note was secured by the first mortgage, which is the subject of this litigation.  The two loans had separate account numbers and were paid separately by Appellees.

In 2009, the original lender on these notes merged into Bank.  Appellees continued to pay their first mortgage, now to Bank, but their efforts to also pay the second note or loan were stymied because, for some unexplained reason, Bank initially had no record of this second loan.  Appellees tried to resolve this discrepancy with Bank regarding the second loan, but to no avail.  Bank eventually located and later "charged off" this second loan in 2010,[2] selling the loan later that year to a third party.  In October 2011, Appellees obtained their credit report and noticed that this second loan had been charged off by Bank, thus adversely affecting their credit score.  Appellees thereafter made several additional contacts with Bank in an effort to address or correct the problems with the

---

[1] Appellee, Amy Smith, did not separately raise this defense below nor has she appeared in this appeal.

[2] Admitted into evidence at trial was a January 22, 2010 letter from Bank to Appellee, Duncan Smith, sent to the property address, notifying him of the delinquent status on this second loan and that this loan was scheduled to be charged off as a bad debt.  Duncan Smith denied receiving this letter, testifying that due to his employment, Appellees were living in Saudi Arabia for an extended period of time and only picked up their U.S. mail once a year on their annual return.

second loan and to rectify their credit score, but they did not receive a satisfactory response from Bank. In October 2012, Appellees then made a deliberate decision to stop paying on the first mortgage in order "to get [Bank's] attention" and address the problems surrounding the second loan. Bank then sent Appellees a notice of default on the first mortgage and thereafter filed suit to foreclose this mortgage and note. In response, Appellee, Duncan Smith, filed an answer asserting, among other things, that Bank's "inequitable conduct" evidenced that Bank was coming to court with unclean hands and therefore, should be denied relief.

"A foreclosure action is an equitable proceeding which may be denied if the holder of the note comes to the court with unclean hands or the foreclosure would be unconscionable." *Knight Energy Servs., Inc. v. Amoco Oil Co.*, 660 So. 2d 786, 789 (Fla. 4th DCA 1995) (citing *Fed. Sav. & Loan Ins. Corp v. Two Rivers Assocs., Inc.*, 880 F.2d 1267, 1272 (11th Cir. 1989)). Unclean hands may be asserted as an affirmative defense to a mortgage foreclosure action. *See Quality Roof Servs., Inc. v. Intervest Nat'l Bank*, 21 So. 3d 883, 885 (Fla. 4th DCA 2009). The doctrine is based on the principle that "one who comes into equity must come with clean hands else all relief will be denied him regardless of the merit of [the] claim. It is not essential that the act be a crime; it is enough that it be condemned by honest and reasonable men." *Roberts v. Roberts*, 84 So. 2d 717, 720 (Fla. 1956). The unclean hands doctrine applies to "any unrighteous, unconscientious, or oppressive conduct by one seeking equitable interference in his own behalf." *Dale v. Jennings*, 107 So. 175, 180 (Fla. 1925).

At the conclusion of trial, the court announced its findings of fact that Bank had acted with unclean hands and, therefore, was not entitled to the requested foreclosure.

As a reviewing court, we do not reweigh the evidence presented at trial nor do we substitute our judgment for that of the trial court. *Benn v. Sims*, 543 So. 2d 330 (Fla. 4th DCA 1989). Nevertheless, "[w]here a trial court's conclusions following a non-jury trial are based upon legal error, the standard of review is *de novo*." *Wells Fargo Bank, N.A. v. Williamson*, 199 So. 3d 1031, 1034 (Fla. 4th DCA 2016) (quoting *Acoustic Innovations, Inc. v. Schafer*, 976 So. 2d 1139, 1143 (Fla. 4th DCA 2008)). Here, we conclude that the trial court committed legal error in its application of the doctrine of unclean hands because "the conduct constituting the 'unclean hands' must be connected with the matter in litigation and must affect the adverse party." *Pennington v. Pennington*, 390 So. 2d 809, 810 (Fla. 5th DCA 1980) (citing *Faber v. Landman*, 123 So. 2d 405 (Fla. 2d DCA 1960)). Bank's unclean hands pertained to its handling (or mishandling) of the second loan, and there was no evidence presented at trial that Bank's unclean hands were connected to the default and the subsequent foreclosure of the first mortgage. Whatever recourse Appellees may have had or have now against Bank pertaining to its "unclean" actions regarding this second loan is distinct from the litigation on the first mortgage.

Accordingly, we reverse the final judgment entered in favor of Appellees. Additionally, because the uncontested trial evidence otherwise established Bank's right to foreclose the first mortgage and note, we remand with directions that the trial court enter final judgment of foreclosure in Bank's favor.

REVERSED and REMANDED, with directions.

WALLIS and LAMBERT, JJ., concur.
TORPY, J., dissents without opinion.

4