# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D22-2104
LT Case No. 2019-CA-055393

———————————————————

LINDSAY SANGER,

    Appellant,

    v.

JUSTIN ASHER and PRENTICE
SANGER a/k/a PRENT SANGER,

    Appellees.

———————————————————

On appeal from the Circuit Court for Brevard County.
Bruce W. Jacobus, Judge.

Allan P. Whitehead and Erika McBryde, of Frese, Whitehead, Anderson & Henderson, P.A., Melbourne, for Appellant.

David B. Russell, of Pappas & Russell, P.A., Daytona Beach, for Appellees.

March 22, 2024

KILBANE, J.

Appellant Lindsay Sanger ("Lindsay") appeals various orders and the final judgment entered by the trial court after a non-jury trial. For the reasons explained below, we affirm the final judgment as it pertains to the security agreement and settlement

and reverse with respect to the four promissory notes with instructions to dismiss those claims with prejudice.

## Facts

Justin Asher ("Asher"), plaintiff below, allegedly purchased, for ten dollars, a security agreement evidencing a debt of $75,000 and four promissory notes totaling $300,000 from E.H. Daley (now deceased), the lender. Lindsay was the purported maker and signor on the security agreement and the notes were allegedly signed by both Lindsay and her then-husband, Prentice Sanger ("Prentice").[1] Asher's purchase of these documents and Daley's assignments to Asher allegedly occurred on October 4, 2019. Asher then filed a five-count complaint[2] on November 19, 2019, to collect.

On August 10, 2021, Asher filed a notice of filing the originals of the security agreement and the four notes, allonges, and assignments with the clerk. On August 13, 2021, Asher filed a Pre-Trial Statement identifying his expert witness, a document examiner. On August 18, 2021, Lindsay filed her witness list, identifying her own document examiner. On the same date, Lindsay also filed her pre-trial statement, which included the issue, "Are the notes and security agreement submitted to the Court, indeed, original documents."

The case proceeded to a one-day non-jury trial on September 9, 2021. At trial, the introduction and authentication of the documents, particularly the notes, was the subject of contention and expert testimony. Asher presented his expert, who testified that he inspected the security agreement and the notes in June 2021 and concluded from that inspection that the signatures were not stamped or electronic, but did not testify that the documents were originals. With respect to the security agreement, Lindsay testified that she was aware of, prepared, and signed that agreement, but claimed the document Asher sought to introduce was a copy. Asher then rested. Lindsay moved to dismiss on the

---

[1] Prentice has not appeared in this appeal.

[2] The complaint sought judgment against Lindsay, solely, on the security agreement (count 1) and against both Lindsay and Prentice on the promissory notes (counts 2-5).

ground that Asher failed to present the originals of the security agreement and notes. The trial court denied the motion.

Lindsay then called her expert, who testified that she inspected the documents attached to Asher's August 10, 2021, filing and opined that those documents were photocopies, not originals. Lindsay then rested.

After the close of evidence, Lindsay again asserted that the security agreement and notes were not originals, and the case should be dismissed. In response, Asher's counsel made an *ore tenus* motion to amend the pleadings to include a claim for lost notes. Asher never took the position at trial that the documents were anything but originals. The trial court denied the *ore tenus* motion and took the case under advisement. The day after trial, Asher and Prentice filed a notice of a confidential settlement agreement evidencing a settlement they had reached on September 7, 2021, two days prior to trial.

On December 1, 2021, the trial court issued its Order on Non-Jury Trial, ruling that the four notes introduced were not originals and thus unenforceable against Lindsay and Prentice but ruled that they were jointly liable on the $75,000 debt evidenced by the security agreement. Additionally, the trial court reversed its earlier ruling and permitted Asher to make a lost notes claim.

In response, instead of proceeding with a lost notes claim, on December 16, 2021, Asher filed an unsworn motion for rehearing alleging on December 11, 2021, over three months after the conclusion of the nonjury trial, that he had found the original documents, that he had been in possession of them since October 4, 2019, and that he had mistakenly placed them in a "copies" file, while placing the copies in his "originals" file. The trial court granted the motion for rehearing.

Asher then filed an Amended Notice of Filing Original Promissory Notes which included what he now claimed were the original documents. The trial court held a non-evidentiary hearing and admitted the late-discovered security agreement and four promissory notes without authentication and over Lindsay's objection.

3

The trial court then issued its final judgment, in which it denied Lindsay's pending motions to reopen discovery and for mistrial, declared the documents attached to Asher's January 27, 2022, filing to be originals, and held Lindsay liable on both the security agreement and notes, for a total of $375,000. The trial court noted Asher and Prentice's aforementioned settlement agreement which extinguished Prentice's liability on the debts for $37,000, thereby reducing Lindsay's liability to $338,000.[3]

## Analysis

We review issues of legal error in a non-jury trial de novo. *PNC Bank, Nat'l Ass'n v. Smith*, 225 So. 3d 294, 296 (Fla. 5th DCA 2017). Issues regarding reopening of evidence after close of proof are reviewed for abuse of discretion. *Loftis v. Loftis*, 208 So. 3d 824, 826 (Fla. 5th DCA 2017).

### A. The Security Agreement

Lindsay contends that the security agreement, like the notes, had to be an original and therefore the trial court erred in admitting it into evidence without authentication. However, the original security agreement was not required. Section 90.953(1), Florida Statutes (2021) states, in pertinent part, "[a] duplicate is admissible to the same extent as an original, unless: (1) [t]he document or writing is a negotiable instrument . . . or any other writing that evidences a right to the payment of money, [and] *is not itself a security agreement*." (emphasis added). This is true so long as a genuine question is not raised about the authenticity of the original. § 90.953(2), Fla. Stat. (2021).

---

[3] Lindsay asserted below that the settlement agreement between Asher and Prentice constituted a "Mary Carter" settlement, void against public policy, and sought a new trial as a result. *See Dosdourian v. Carsten*, 624 So. 2d 241 (Fla. 1993). While the terms of settlement agreement, its secrecy, and particularly the conduct of Asher and Prentice at trial in performance of that settlement agreement had all the trappings of a Mary Carter settlement, we need not reach that issue here and do not disturb the settlement.

Thus, while originals of the four promissory notes, as negotiable instruments, were required, a duplicate security agreement was admissible in a case such as this. Lindsay duly authenticated the copy of the security agreement presented at trial, acknowledging that she had both prepared and signed it. Accordingly, the copy of the security agreement was sufficient to evidence the debt. As such, the portion of the judgment against Lindsay for the $75,000 debt, evidenced by the security agreement, is affirmed.[4]

## B. *The Four Promissory Notes*

Unlike the security agreement, section 90.953 requires introduction of original promissory notes. Without question, Asher failed to present the original notes during the nonjury trial in this case. Therefore, the enforceability of those notes must be determined by the propriety of the trial court's decision to reopen the evidence to allow Asher to present what he now claims to be the original notes months after the conclusion of the trial.[5]

---

[4] Although count 1 of the complaint sought recovery solely against Lindsay on the $75,000 debt evidenced by the security agreement, in its December 1, 2021, order the trial court found both Lindsay and Prentice liable on that debt. Moreover, the settlement agreement between Asher and Prentice expressly states that Prentice entered into the security agreement and was being released from liability on that debt, as well as the promissory note debts. In the rendition contained in its final judgment, the trial court referenced its December 1, 2021, order but then held Lindsay solely liable on all of the debts, referencing Prentice's settlement with Asher. As noted, *supra*, we do not disturb the settlement agreement between Prentice and Asher. Therefore, as indicated in the final judgment, Lindsay is entitled to a credit for the $37,000 settlement between Prentice and Asher, limiting her total liability on the security agreement to $38,000.

[5] Though not ultimately pursued by Asher, the trial court's earlier, December 1, 2021, ruling permitting Asher to assert a lost notes claim was itself error. *See Turna v. Advanced Med-Servs., Inc.*, 842 So. 2d 1075, 1076 (Fla. 2d DCA 2003) (finding an abuse

5

In deciding whether to reopen a case, a trial court must consider "(1) the timeliness of the request, (2) the character of the evidence sought to be introduced, (3) the effect of allowing the evidence to be admitted, and (4) the reasonableness of the excuse justifying the request to reopen." *Loftis,* 208 So. 3d at 826. (quoting *Grider-Garcia v. State Farm Mut. Auto.*, 73 So. 3d 847, 849 (Fla. 5th DCA 2011)). While the trial court's discretion to reopen a case is broad, it "is not unlimited, for it may allow reopening only 'where this can be done without injustice to the other party.'" *Allen v. Allen,* 346 So. 3d 667, 669 (Fla. 1st DCA 2022) (quoting *Silber v. Cn'R Indus. of Jacksonville, Inc.*, 526 So. 2d 974, 978 (Fla. 1st DCA 1988)) (finding no abuse of discretion in refusing to reopen case which would have allowed husband to retry a central issue in the case).

Here, Asher's request to reopen the evidence was untimely, having been made over three months after conclusion of the September 9, 2021 trial and seemingly only in response to the trial court's final judgment. Further, the character of the evidence sought to be introduced upon reopening, the purported discovery of the originals of each of the instruments central to the case, and the effect of reopening itself was prejudicial. It wrongly gave Asher an unjustified second bite at the apple after failing to meet his evidentiary burden at trial. *See Turna*, 842 So. 2d at 1076; *St. Joe Paper Co.*, 299 So. 2d at 93. Finally, Asher's failure to present the originals at trial, given his knowledge of them and the length of time that had passed, was insufficient to warrant reopening the evidence. The discovery and expert review which would be required, although denied by the judge in this case, regarding not only the originality and authenticity of the newly discovered notes, but also the circumstances surrounding how Asher managed to locate them in his own possession three months post-trial, would

---

of discretion to grant motion to amend after trial when no evidence was presented at trial that would support such a claim); *St. Joe Paper Co. v. Connell*, 299 So. 2d 92, 93 (Fla. 1st DCA 1974) (holding "[a] second bite at the apple may not be granted simply because the plaintiffs have failed to meet their burden of proof," noting that such a practice would open the door to endless, successive efforts if the second bite also failed).

6

be tantamount to holding an entirely new trial.[6] Thus, the trial court abused its discretion in granting Asher's motion for rehearing and Asher's failure to carry his burden at trial properly results in a dismissal of those counts.

## Conclusion

Accordingly, the trial court's final judgment is affirmed with respect to the $75,000 debt evidenced by the security agreement and the setoff of Prentice's settlement, but is reversed as to the four promissory notes. The case is remanded with instructions to enter a final judgment of dismissal of Asher's complaint on those promissory notes, with prejudice.

AFFIRMED in part, REVERSED in part, and REMANDED, with instructions.

WALLIS and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

[6] The facts here are distinguishable from *Hernandez v. Cacciamani Development Co.*, 698 So. 2d 927 (Fla. 3d DCA 1997), relied upon by Asher. In *Hernandez*, the originality of the notes in that case was not in dispute, the failure to seek their admission was an inadvertent oversight, and the plaintiff promptly moved to reopen to admit the originals four days after the trial court dismissed the case for lack of originals. *Id.* at 928. This is simply a horse of a different color.

7