195 So.2d 250 (1967)
PENSACOLA CHRYSLER-PLYMOUTH, INC., a Florida Corporation, Appellant,
v.
Joe G. COSTA et al., Appellees.
No. I-235.
District Court of Appeal of Florida. First District.
February 21, 1967.
*251 Holsberry, Emmanuel, Sheppard & Mitchell, Pensacola, for appellant.
William H. Anderson, Pensacola, for appellees.
WIGGINTON, Judge.
Defendant in the trial court seeks review of a post-trial order rendered in an action at law granting plaintiffs' motion for rehearing, the effect of which is to set aside the judgment theretofore entered in the cause so that additional testimony upon the issues may be taken and a further determination made as to the judgment to be rendered.
This action is one at law by which plaintiffs seek a judgment for damages resulting from injuries they sustained which were proximately caused by the alleged negligence of defendant. Trial by a jury was waived and the case tried to the judge sitting as a trier of both the law and the facts. At the conclusion of the trial judgment was entered in favor of defendant.
Within ten days following rendition of the judgment against them, plaintiffs filed and served their motion for rehearing by which they prayed for an order setting aside the judgment and reopening the case for the taking of additional testimony if such is deemed necessary, assigning as grounds in support thereof that the judgment of the court is contrary to the law, contrary to the evidence, and contrary to the preponderance of the evidence. Upon consideration of the foregoing motion the order appealed herein was entered. An examination of the order reveals that it states no ground or grounds relied upon by the court in granting the motion for rehearing.
It is appellant's sole contention that the order granting rehearing and setting aside the judgment is in effect an order granting a new trial and should be reversed because it contains no specific grounds upon which the motion was granted as required both by statute and by the rules of practice.
The pertinent statute governing the granting of new trials provides as follows:
"* * * In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal."[1]
Upon the advent of the new rules of civil procedure which first became effective in Florida in January, 1950, 31 F.S.A., the above-quoted statute relating to an order granting a new trial was implemented by a *252 rule of procedure which in its present form is as follows, to wit:
"Rule 2.8 Motions for New Trials; Rehearing; Amendments of Judgments
"(a) Jury and Non-Jury Cases. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
"(b) Time for Motion. A motion for a new trial, or a motion for rehearing in matters heard without a jury or rehearing of any motion for judgment provided for by these rules, shall be served not later than 10 days after the rendition of verdict or the entry of such judgment. A timely motion may at the discretion of the court be amended to state new grounds at any time before it is disposed of.
"(c) Time for Serving Affidavits. When a motion for a new trial is based upon affidavits they shall be served with the motion. The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.
"(d) On Initiative of Court. Not later than 10 days after entry of judgment, or within the time of ruling on a timely motion for a rehearing of non-jury matters or a timely motion for a new trial made by a party in actions tried by a jury, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
"(e) When Motion for Unnecessary; Non-Jury Case. Where an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal by an assignment of error whether or not the party raising the question has made any objection thereto in the trial court, or made a motion for rehearing, new trial or to alter or amend the judgment.
"(f) Order Granting to Specify Grounds. All orders granting a new trial shall specify the particular and specific grounds thereof.
"(g) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment, except that this rule does not affect the remedies defined in Rule 1.38(b)."
In Lehman v. Spencer Ladd's, Inc.,[2] the Supreme Court held that the omission of the grounds therefor in an order granting a new trial has been repeatedly held to be the basis for reversing such orders. That this is the established law of Florida cannot be questioned. If the order appealed herein is correctly categorized as an order granting a new trial within the purview and intent of the above-cited statute and rule of procedure, then the position of appellant is sound and should be sustained.
The office of a motion for new trial has been succinctly stated by the author of Florida Jurisprudence as follows:
"A motion for a new trial is a remedy accorded to a party for the correction by the trial court of an injustice done by the verdict of the jury. It is one of the most important rights which a party to a jury trial has. It is the means by which the discretion of the court is invoked to decide whether the injustice of the verdict is such that the movant ought to have an opportunity to take the case before another jury. Its primary purpose is to test the sufficiency of all the evidence to sustain the verdict and allow the judge to *253 correct any prejudicial error committed in the progress of the trial."[3]
It clearly appears that the above-quoted rule is made applicable not only to motions for new trial in cases tried by a jury, but also to motions for rehearing filed in non-jury cases. With respect to cases tried without a jury, the trial court is authorized in granting a motion for rehearing to set aside a judgment if one has theretofore been entered, to take additional testimony and to enter a new judgment. The procedural distinction between the office of a motion for new trial and a motion for rehearing is preserved throughout the remainder of the rule. It is noted in subparagraph (f) of the rule that only orders granting a new trial are required to specify the particular and specific grounds therefor. No such requirement is made with respect to an order granting a rehearing.
The above-quoted rule is the counterpart of Rule 59, Federal Rules of Civil Procedure, embodying only such amendments as were necessary to conform it to our state practice. Because of this, the construction placed upon the federal counterpart rule by courts in the federal jurisdiction are persuasive.
In his discussion of Federal Rule 59, Professor James W. Moore has said:
"* * * In general, Rule 59 is an amalgamation of the motion for new trial at common law and the petition for rehearing in equity adapted to the unified procedure that replaces the former actions at law and suits in equity by jury and court actions.[4]
* * * * * *
"* * * Under the Rules actions are no longer cases at law or suits in equity; they are jury actions and court actions. Speaking generally, court actions include all cases where there is no constitutional or statutory right to a trial by jury  such as suits formerly triable in equity; and actions, formerly at law, in which a right to jury trial has been waived. * * *[5]
* * * * * *
"* * * The court necessarily has greater freedom in determining what its action should be on a motion for new trial in a court action, than on a like motion in a jury action. The hearing on the latter motion contemplates the court's determination of whether or not there should be a new trial, complete or partial, at a later time before another jury. In a court action, however, there will be many times when proper relief may be accorded by something far less than an actual new trial, such as the taking of additional testimony, the amendment of the findings of fact, conclusions of law, or the judgment."[6]
From the foregoing it appears to us to be the intent and purpose of both the statute and the rule relating to motions for new trial and motions for rehearing that each is intended to serve a different purpose and is to be treated under different rules of law. The apparent purpose served by the statutory requirement, and the provision of the rule, that orders granting a new trial must state the grounds on which the order is based is for the purpose of preserving the integrity of a jury verdict and to permit it to be set aside only on specific and particular grounds which must be set forth in the order granting new trial. Thus, an appellate court, upon review of such an order, may make a more accurate appraisal of the trial court's action and insure the sanctity of the jury's verdict except when tainted by harmful error. Such factors are not involved in a judgment rendered in a court action without a jury. Under these circumstances, the trier of the fact is the *254 best judge of whether he has committed error, and whether that error is of such a harmful nature as to require correction pursuant to a motion for rehearing. A motion for an order granting a new trial, coming as it does after the trial has been completed and the jury discharged, means that the case must be retried by a completely new jury before a final disposition of the cause can be made.
In cases tried to the court without a jury, an entirely different situation exists. If after trial and entry of judgment the trial court, as the trier of the facts, concludes that a harmful error has occurred during the trial proceedings which in the interest of justice should be corrected, the judgment may be set aside and the case reopened in order that any one of a number of things may be accomplished. Further testimony may be taken on any one or all of the issues in the cause in order that the essential facts may be more fully developed and an accurate judgment rendered thereon. A conclusion of law reached by the court in the entry of the original judgment may be found to have been erroneous, requiring the application of a different legal principle which may or may not lead to a different conclusion. In these and other instances there is no necessity that an entire retrial of the case be had. Under such circumstances it does not appear to be either the purpose or intent of the rule that an order granting a rehearing state specifically the particulars and grounds on which it is based. We can perceive no more reason why a trial judge in a non-jury case should be required to state the grounds on which a motion for rehearing is granted any more than he should have been required to state his grounds for granting a petition for rehearing in equity under our former practice, a summary judgment or decree, or an order dismissing a complaint. If the end result of the court's action is found to be erroneous, it may be corrected by appeal to the same extent as may an order granting a new trial. The ability of the appellate court to correct an order granting rehearing in a court action is not dependent upon whether grounds relied upon by the trial court are stated in the granting order.
In reaching our conclusion we have not overlooked the cases of Morton v. Staples[7] and Hall v. American Distributing Corp.[8] relied on by appellant in support of its position. Although each of these cases was a common law action tried by the court without a jury, the motion in Morton was for a new trial and was treated and disposed of by the parties and the court in accordance with the statute and rules relating to new trials. The decision in Hall dealt with an order setting aside a judgment upon a motion filed pursuant to Rule 1.38(b), 1954 Florida Rules of Civil Procedure, 30 F.S.A., and was not a motion for new trial. In neither case was there involved a motion for rehearing filed pursuant to the provisions of Rule 2.8, 1954 Florida Rules of Civil Procedure, as is involved in the case sub judice.
For the reasons hereinabove stated we conclude that the order granting rehearing from which this appeal is taken is not subject to the requirements of the statute and rule relating to orders granting new trials, and is therefore not vulnerable to the assault here made upon it for its failure to state the grounds on which it is based. The order appealed is accordingly affirmed.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] F.S. § 59.07(4), F.S.A.
[2] Lehman v. Spencer Ladd's, Inc., (Fla. 1965) 182 So.2d 402, 404.
[3] 23 Fla.Jur. 374  New Trial, § 2.
[4] 6A Moore's Federal Practice 3707, § 59.02 (2d Ed.)
[5] 6A Moore's Federal Practice 3768, § 59.97 (2d Ed.)
[6] 6A Moore's Federal Practice 3772, § 59.07 (2d Ed.)
[7] Morton v. Staples, (Fla.App. 1962) 141 So.2d 806.
[8] Hall v. American Distributing Corp., (Fla.App. 1966) 181 So.2d 711.