PER CURIAM.
Appellant Janice Wynocker, the mother, challenges the award of primary physical custody of Tina Wynocker to Barry Wy-nocker, the father.
Janice and Barry Wynocker were married in Wisconsin in 1975. One child, Tina, was born of the marriage in 1979. The parties subsequently moved to Florida and separated on August 19, 1983, after which the mother and child moved back to Wisconsin.
The father petitioned for dissolution of the marriage and custody of the child on August 25, 1983. On April 5, 1984, the trial court entered final judgment of dissolution of marriage, reserving jurisdiction to enter an order regarding permanent custody and support of and visitation with the child at a later date. The following month the father married his present wife, Marilyn.
At the custody hearing on July 28, 1984, both parents testified. They also presented testimony from psychologists and other persons in support of their respective positions. The father’s psychologist tested both parents but not the child. After two examinations, he concluded the father should be given primary physical custody. The mother’s psychologist only examined the child, but opined the mother should have custody.
During the hearing, the trial judge expressed some uncertainty as to which parent should have primary physical custody. At the conclusion of the hearing, he took the matter under advisement. On September 19, 1984, he granted primary physical custody to the mother. He allowed liberal visitation rights to the father and ordered him to pay $150 per month in child support. The court retained jurisdiction to enter any further orders deemed appropriate regarding custody.
On September 28, 1984, the father filed a motion for rehearing pursuant to Florida Rule of Civil Procedure 1.530. He alleged that the court’s judgment regarding primary physical custody of the child was against the manifest weight of the evidence. He also claimed that after the final hearing he had discovered the mother had committed perjury concerning statements she had made to Wisconsin’s Welfare office about receipt of child support from the father. He requested the court review both the testimony at the final hearing and the new matters set forth in his motion and reconsider its award of custody to the mother.
On November 2, 1984, the court entered an order granting the husband’s motion for *557 rehearing. The order scheduled a rehearing on January 11, 1985; however, it was not held until June 28, 1985.
At the rehearing, the father, over objection of the mother’s counsel, introduced evidence from Wisconsin’s Welfare Office in an attempt to show the mother had committed perjury. The mother was not present at the hearing; however, counsel for the parties agreed that the court could review a deposition of a Wisconsin welfare official offered by the mother’s counsel to rebut the perjury allegation.
The mother’s counsel continually objected to the proceedings contending that the father was actually seeking a modification of the court’s previous order awarding the mother custody. The trial judge disagreed, pointing out he was just revisiting the issue of custody on rehearing. Consequently, the judge allowed, also over objection, the father and his new wife to testify to their improved financial situation and other factors showing the father’s new “family environment.” The mother’s counsel declined to present any witnesses.
At the conclusion of the rehearing, the judge took the matter under advisement. Then, on August 22, 1985, he entered a new order granting primary physical custody of the child to the father with liberal visitation rights to the mother. The court again retained jurisdiction to review “at the instance of either party the welfare, condition and best interest of the minor child” to enter any further orders the court might deem appropriate regarding custody, visitation and support. This timely appeal by the mother ensued.
Florida Rule of Civil Procedure 1.530(a) provides that “On a motion for rehearing of matters heard without a jury ... the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.” Additional testimony may be taken on any or all of the issues for a full development of the essential facts so that the trial judge may render a more accurate judgment. See, e.g., Pensacola Chrysler-Plymouth, Inc. v. Costa, 195 So.2d 250, 254 (Fla. 1st DCA), cert. denied, 204 So.2d 211 (Fla.1967). Moreover, this rule provides the trial court an opportunity to correct any error it has committed if it becomes convinced it has erred. See, e.g., Elmore v. Palmer First National Bank and Trust Co., 221 So.2d 164, 166 (Fla. 2d DCA 1969). Here, the trial judge’s order granting rehearing was not limited to any particular aspects of this case. Consequently, both parties were on notice that they were entitled to submit evidence relevant to the custody issue at the rehearing and that the trial court would consider all such relevant evidence in arriving at its decision.
The issue of primary physical custody was a matter within the discretion of the trial court. See Canakaris v. Cana-karis, 382 So.2d 1197 (Fla.1980). The evidence established both parties to be fit and proper persons to have custody. Thus, since the trial judge’s decision to award custody to the father was within the bounds of his discretion under the entire circumstances of the case, we cannot say that he erred.
Finally, we note that the trial judge, who obviously was faced with a difficult decision, contemplated that circumstances might dictate a need to review the primary custody arrangements in the future. Therefore, the mother may find it desirable to avail herself of language the court included in its final order retaining jurisdiction. There, the court noted it would review “at the instance of either party the welfare, condition and best interest of the minor child and upon consideration of the same to enter such orders regarding custody, visitation, and support” as the court might deem appropriate.
Accordingly, we affirm the trial judge’s final order awarding primary physical custody to the father and granting the mother liberal visitation rights.
SCHEB, A.C.J., and LEHAN and HALL, JJ., concur.