507 So.2d 759 (1987)
Yvonne CRUM, Appellant,
v.
STATE of Florida, Appellee.
No. BO-469.
District Court of Appeal of Florida, First District.
May 21, 1987.
Michael E. Allen, Public Defender; P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Elizabeth L. Booth, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
The issue in this case is whether a court, having conducted a hearing on the merits and denied the State's Baker Act petition, may grant the State's motion for rehearing, take additional testimony, reverse its earlier denial and enter an order of involuntary placement under Section 394.467, Florida Statutes (1985). Appellant asserts that since the statute does not provide for rehearing, the statute should be strictly construed *760 to prohibit rehearing. We do not agree and affirm.
It is true that the statute is silent regarding rehearing. However, there is no reason why the Rules of Civil Procedure regarding rehearing should not be applicable. Fla.R.Civ.P. 1.010 describes the scope of the Rules:
Rule 1.010 Scope and Title of Rules
These rules apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the probate and guardianship rules or the summary claims procedure rules apply. The form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary. These rules shall be construed to secure the just, speedy and inexpensive determination of every action. These rules shall be known as the Florida Rules of Civil Procedure.
The fact that the subject statute does not provide for a rehearing does not mean that no rehearing may be had under the pertinent Rules of Civil Procedure. See Maule Industries, Inc. v. Seminole Rock and Sand Company, 91 So.2d 307 (Fla. 1957).
Fla.R.Civ.P. 1.530 provides in pertinent part:
Rule 1.530. Motions for New Trials, Rehearing; Amendments of Judgments
(a) Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter a new judgment.
(b) Time for Motion. A motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.
* * * * * *
(d) On Initiative of Court. Not later than ten days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
* * * * * *
In nonjury cases, the trial court may, either on motion of a party or on its own initiative, grant rehearing and, in its discretion, consider additional evidence. Pensacola Chrysler-Plymouth, Inc. v. Costa, 195 So.2d 250 (Fla. 1st DCA 1967); see also Maryland Casualty Company v. Murphy, 342 So.2d 1051 (Fla. 3rd DCA 1977).[1]
In the instant case, at the conclusion of the initial hearing when the court announced that it was denying the petition for involuntary placement, the court stated that appellant was not to be released from the hospital prior to ten days from that date so as to give the State "sufficient time to recheck everything" and to perhaps move for rehearing. No objection by appellant's attorney was interposed thereto at that time.
Within the ten-day period provided for under Rule 1.530(b), the State filed a motion for rehearing. The court denied appellant's motion to strike that motion and, over objection, received further testimony on the State's involuntary placement petition. After hearing further testimony, the court granted rehearing and entered an order of involuntary placement.
We conclude that, in view of the authorities mentioned above, the trial court did not *761 abuse its discretion in granting rehearing. We also reject appellant's double jeopardy argument as well as her argument that the evidence was insufficient to establish the requisite criteria under Section 394.467(1), Florida Statutes.
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] Unlike orders granting new trial, which are required by Fla.R.Civ.P. 1.530(f) to specify the grounds therefor, the trial court need not specify its grounds for granting rehearing in a nonjury case. Pensacola Chrysler-Plymouth, Inc. v. Costa, supra.