THREADGILL, Judge.
We reverse the judgment for punitive and compensatory damages entered in favor of Clifford Zalay (Zalay), the plaintiff, and against the defendants, John Hancock Mutual Life Insurance Company (John Hancock) and Edward Dooley (Dooley). Despite having directed a verdict in favor of John Hancock on the issue of respondeat superior, the trial court reversed this ruling after the defense case had been substantially presented, and allowed the jury to consider the issue. The court, however, refused to allow the defendants to present additional testimony on this issue, and we find this refusal to be reversible error.
In 1977, Zalay moved from Chicago to Florida where he worked out of John Hancock’s St. Petersburg general agency, managed by Dooley. Dooley allegedly misrepresented to several agents and clients that Zalay was under investigation in Chicago. Dooley also sent a letter to another agent’s clients in which he reprimanded Zalay for incompetence and sent copies of this letter to various John Hancock offices. Dooley then wrote to the home office asking for an investigation of Zalay’s activities. John Hancock sent a team of investigators who interviewed all of Zalay’s clients in the St. Petersburg area — sixty-seven different individuals. The investigators allegedly told the clients that they were investigating policies sold by Zalay, that the policies would not work, and that he was under investigation in Chicago for “shady dealings.” John Hancock subsequently terminated Zalay’s employment.
In 1979, Zalay filed a four-count complaint against Dooley and John Hancock seeking damages for breach of contract, interference with his livelihood, libel and slander. Dooley filed a counterclaim alleging that Zalay had breached two agreements which provided for charge backs in the event that insurance contracts which had been sold were reversed. Prior to and during the trial, the judge entered numerous rulings concerning the liability of the defendants, including directed verdicts in John Hancock’s favor on direct liability for libel and slander. The court also found that the evidence indicated Dooley was an independent contractor and so refused to allow Zalay to proceed against John Hancock on a respondeat superior theory.
Near the conclusion of the defense presentation, Zalay asked the court to reconsider the directed verdicts and allow the entire case to go to the jury. John Hancock objected because, presuming these issues had been resolved, it had cancelled several witnesses and had not asked certain questions. Dooley joined in the objection. The court denied Zalay’s request but stated that it would possibly reconsider the directed verdict granted to John Hancock. The court then permitted Zalay to cross-examine Dooley on the issue of whether he was an agent or an independent contractor.
After the parties rested, the trial judge reversed his directed verdict and allowed the issue of whether Dooley was an employee of John Hancock to go to the jury. The judge denied the defendants’ request to reopen their case to present further evidence. The jury initially found that Dooley was an employee of John Hancock. It found John Hancock owed Zalay $16,000 for past commissions on the breach of contract count. The jury did not find that Dooley had interfered with Zalay’s business relationship, but awarded Zalay $200,-000 in compensatory damages for libel and slander by Dooley. The jury further found that the alleged libel and slander were malicious and awarded Zalay an additional $300,000 in punitive damages against Dooley. Finally the jury awarded Dooley $3,000 on his counterclaim for expenses *946 against Zalay. The trial court entered judgment against John Hancock on the breach of contract claim, and against both defendants for compensatory and punitive damages. Judgment was also entered against Zalay on Dooley’s counterclaim.
Both John Hancock and Dooley raise multiple points on appeal and Zalay raises two issues on cross-appeal. We agree with the defendants’ contention that the trial court erred in failing to allow them to reopen their case after reversing the entry of a directed verdict in their favor, and find that issue dispositive.
In defense of the trial court’s denial of the defense motion to reopen their case, Zalay argues that because the court indicated during the defense case that he was inclined to revisit the issue of respondeat superior, the defendants were on notice that the ruling might be reversed and should have submitted additional evidence. Zalay also points out that the defendants failed to proffer any additional evidence on the issue at the time of the trial court’s ruling. The defendants, on the other hand, argue they interpreted the judge’s reference to revisiting this issue as a warning. They state that they were careful not to solicit testimony on this issue for fear of opening the door and increasing the likelihood that the judge would reconsider his decision. We find that the defendants were entitled to rely on the trial court’s order directing a verdict in their favor and, when the judge reversed this decision, should have been permitted to submit additional evidence.
A party cannot be penalized for good faith reliance on a trial court’s ruling. Florida Air Conditioners, Inc. v. Colonial Supply Co., 390 So.2d 174 (1980), appeal after remand, 421 So.2d 1106 (Fla. 5th DCA 1982). Where a ruling is subsequently found to be erroneous, litigants must be granted an opportunity to present their case under the corrected ruling. As the Third District Court of Appeal noted on somewhat varying facts: “A party who relies on a favorable trial court ruling should not be placed at risk of being worse off than had the ruling been unfavorable in the first instance. Arky, Freed, et al., P.A. v. Bowmar Instrument Corporation, 12 F.L.W. 2750 (Fla. 3d DCA Dec. 11, 1987).
When the trial judge reversed his original directed verdict on the issue of respon-deat superior, it was an abuse of discretion to refuse to allow the defendants to present additional testimony on this issue. See Pavlis v. Atlas Imperial Diesel Engine Co., 121 Fla. 185, 163 So. 515 (1935); Midland-Guardian Company v. Hagin, 370 So.2d 25 (Fla. 2d DCA 1979). As the jury found that Dooley was an employee of John Hancock, it was influenced obviously by the unrebutted evidence of respondeat superior presented in Zalay’s case.
We reverse the judgment of compensatory and punitive damages awarded to Zalay against John Hancock and Dooley. We therefore, remand for a new trial on counts III and IV, only, Zalay’s claim for libel and slander against Dooley and, under respon-deat superior, against John Hancock. We affirm the final judgment for expenses entered on Dooley’s counterclaim and the judgment entered in Zalay’s favor against John Hancock on the breach of contract claim.
Affirmed in part, reversed and remanded in part.
FRANK, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.