ON REHEARING
PER CURIAM.
We grant rehearing in part to correct a factual error and substitute the following opinion in place of our original opinion.
AFFIRMED. The trial court has wide discretion in non-jury matters to grant rehearing and in its discretion, consider new evidence. Crum v. State, 507 So.2d 759 (Fla. 1st DCA 1987). The trial court in *483 the instant case had denied admission at trial of a deposition taken in another case in Broward County solely on the ground that appellant convinced him that he could not take judicial notice of it. Judicial notice may be taken of all judicial records. § 90.202(6), Fla.Stat. However, the fact that the deposition may be judicially noticed does not render all that is in it admissible. See Milton v. State, 429 So.2d 804, n. 4 (Fla. 4th DCA 1983). In this case, while not referring to section 90.804(2)(a), Florida Statutes, appellee’s counsel tried to point out that the deposition was of a material witness in the instant case deposed in another similar case involving the same facts where the opposing party (appellant) was also present in an adverse position and had the opportunity to cross-examine the witness. In his motion for rehearing the trial court acknowledged that the deposition was admissible under section 90.804 and thus granted the rehearing. We do not find that he abused his discretion.
ANSTEAD and WARNER, JJ., and STEVENSON, W. MATTHEW, Associate Judge, concur.