596 So.2d 807 (1992)
Johann PRINZ, Appellant,
v.
Christobel PRINZ, Appellee.
No. 91-01894.
District Court of Appeal of Florida, Second District.
April 8, 1992.
*808 Michael R. Walsh, Orlando, for appellant.
Joseph N. Baron, Lakeland, for appellee.
CAMPBELL, Acting Chief Judge.
In this appeal, appellant (Husband) argues that the trial court erred when it set aside, on the grounds of duress and coercion, what has apparently been conceded to be a marital settlement agreement and a resulting quitclaim deed in which Wife quitclaimed her interest in the marital home to Husband nine months before Husband filed for dissolution. We reverse in part the trial court's judgment and remand with instructions.
In 1980, at age fifty-seven, Husband, a native of Germany, retired, divorced his first wife and met and married appellee (Wife), his second wife, who was then twenty-two and a native of Sri Lanka. He met Wife by answering an ad through an agency. After corresponding with her for several months, Husband went to Sri Lanka. They married two weeks later. After living in Sri Lanka and Germany, the parties bought a home in Sebring, which is the subject of this action.
The marital settlement agreement provided as follows:
"I, CHRISTOBEL PRINZ, write my share of the property located in Highlands County, described as:
SOUTH 50 FEET OF LOT 3, BLOCK 91, OF TOWN OF SEBRING, AS RECORDED IN TRANSCRIPT BOOK, PAGE 6 OF THE PUBLIC RECORDS OF HIGHLANDS COUNTY, FLORIDA;
to JOHANN PRINZ, in order to have peace and harmony in our home, provided JOHANN PRINZ will never put me out of the home, and upon the death of JOHANN PRINZ the above described property goes back to CHRISTOBEL PRINZ exclusively."
The trial court found that the agreement and quitclaim deed were the result of coercion and duress and set them aside, ordering the parties to hold the property as tenants in common. The court further ordered that Wife was to have possession pending any partition action that may be filed.
Although the trial court here relied on duress and coercion to set aside the agreement and quitclaim deed, it need not have done so. Even in the absence of duress or coercion, a judge may set aside a property settlement agreement in order to do equity and justice between the parties. Maas v. Maas, 440 So.2d 494 (Fla. 2d DCA 1983). That is precisely what the court did here. The agreements and quitclaim deed, as drafted, would not with any degree of certainty accomplish the obvious intent of the parties as Wife was led to understand it. Realizing this, the court attempted to effectuate the intent of the parties by reconstructing the agreements, this time legally, through his order.
Under the intended effect of the parties' agreement and quitclaim deed, Husband was to have title and Wife was to have possession until Husband's death, at which time Wife was to obtain title. Under the court's order, the parties were to hold title as tenants in common, with Wife in possession pending any further partition action to be filed.
The obvious intent of the parties can only be accomplished by requiring that the parties hold the property as joint tenants with the right of survivorship. The trial court thus succeeded in reconstructing the parties' agreement except that it did not provide for the right of survivorship of the entire interest in the property when one of the parties predeceased the other.
On cross-appeal, Wife argues that the court should have awarded her increased alimony because Husband is in a superior financial position. We disagree. Considering the ages and abilities of the parties, we conclude that the court's alimony award was proper.
We, accordingly, reverse the trial court order and remand with instructions to enter an amended judgment to reflect that the parties hold the property as joint tenants with right of survivorship, not as tenants in common. The court should retain jurisdiction to order partition or sale of the *809 property in the event that should become a desirable or necessary alternative. The order is otherwise affirmed.
PARKER and ALTENBERND, JJ., concur.