679 So.2d 331 (1996)
NATIONAL ENTERPRISES, INC., Appellant,
v.
George MARTIN and Elizabeth Martin, his wife, Aetna Insurance Company, Roberto Bracone, Monica Bracone, Household Finance Corporation III, United States of America, Sun Bank/South Florida, N.A., Salvatrice Shoe Co., Inc., John Doe and Mary Doe, Appellees.
No. 95-1284.
District Court of Appeal of Florida, Fourth District.
August 28, 1996.
*332 Olivia S. Benson, Patricia H. Thompson and John A. Camp of Popham, Haik, Schnobrich & Kaufman, Ltd., Miami, for Appellant.
Dennis J. McGlothin of Dennis J. McGlothin, P.A., Fort Lauderdale, for Appellees-George Martin and Elizabeth Martin.
DELL, Judge.
National Enterprises, Inc. appeals from an order granting appellees' motion for an involuntary dismissal of appellant's claim for a deficiency judgment and from an order denying appellant's motion for rehearing. We reverse and remand this cause to the trial court.
The Federal Deposit Insurance Corporation (FDIC) obtained a final summary judgment of foreclosure against appellees. The trial court retained jurisdiction to enter further orders including a deficiency judgment. After the FDIC filed an amended motion for a deficiency judgment, appellant moved to substitute it as the proper party in the case. Appellant stated in its motion that "[o]n August 4, 1994, NATIONAL purchased the FDIC's interest in this action, it is therefore the real party in interest concerning the remaining matters at issue in this case." Appellees did not object and the trial court entered an order substituting appellant as the proper party plaintiff.
At the beginning of trial, appellant asked to reserve "the ability to introduce evidence concerning the transfer of the asset or the sale of the asset from the FDIC to [appellant] NEI." Appellant declined the trial court's offer to reset the case and proceeded with the presentation of evidence. Apparently appellant's counsel expected to receive a written assignment of the FDIC's interest in time to introduce it into evidence.
Appellant's asset manager testified that while he had no specific recollection of seeing an assignment of the ownership interest in the note and mortgage, he inventoried the FDIC documents evidencing the indebtedness. After presenting testimony as to the amount of the deficiency, appellant rested without direct testimony showing its ownership interest and without introducing the FDIC's assignment. The trial court granted appellees' motion for an involuntary dismissal based on appellant's failure to prove that it was the owner of the asset by producing a written assignment of the transfer or sale of the asset from the FDIC.
Appellant filed a timely motion for rehearing and attached as an exhibit an assignment from the FDIC of its interest in the final summary judgment of foreclosure. The assignment bears the date of March 1, 1995, the date of the evidentiary hearing. The trial court denied appellant's motion for rehearing.
In Boulevard Nat'l Bank of Miami v. Air Metal Indus., Inc., 176 So.2d 94, 97-98 (Fla.1965), the supreme court stated: "Formal requisites of such an assignment are not prescribed by statute and it may be accomplished by parol, by instrument in writing, or other mode, such as delivery of evidences of the debt, as may demonstrate an intent to transfer and an acceptance of it." (footnote omitted). Appellant's asset manager testified that he had inventoried the FDIC's documents *333 and evidence of the indebtedness, but appellant did not direct the trial court's attention to Boulevard Nat'l Bank of Miami. We conclude from the evidence and argument presented to the trial court during the evidentiary hearing that it did not err in granting the involuntary dismissal. However, we hold that the trial court abused its discretion in denying appellant's motion for a rehearing.
Rule 1.530(a), Florida Rules of Civil Procedure states in relevant part: "On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment." "In nonjury cases, the trial court may, either on motion of a party or on its own initiative, grant rehearing and, in its discretion, consider additional evidence." Crum v. State, 507 So.2d 759, 760 (Fla. 1st DCA 1987) (citations omitted). See also Allstate Ins. Co. v. Greyhound Rent-A-Car, Inc., 586 So.2d 482 (Fla. 4th DCA 1991), rev. denied, 598 So.2d 75 (Fla.1992). The written assignment attached to appellant's motion for rehearing unequivocally established its ownership by assignment of the final summary judgment of foreclosure.
Accordingly, we reverse the trial court's order denying rehearing and remand this cause for a new trial.
REVERSED and REMANDED.
POLEN and SHAHOOD, JJ., concur.