698 So.2d 927 (1997)
Rene HERNANDEZ, Appellant,
v.
CACCIAMANI DEVELOPMENT CO. and Luciano Cacciamani, Appellees.
No. 97-1027.
District Court of Appeal of Florida, Third District.
September 10, 1997.
*928 Thomas W. Risavy, South Miami, for appellant.
Leonardo P. Mendez, Miami, for appellees.
Before SCHWARTZ, C.J., SORONDO, J., and BARKDULL, Senior Judge.
SORONDO, Judge.
Rene Hernandez appeals the denial of his Motion for New Trial and/or Rehearing. The facts of the case are simple and brief.
Hernandez filed a complaint to enforce a promissory note against Cacciamani Development and to enforce the personal guarantee on said note against Cacciamani. The defendants filed an answer and defenses to which Hernandez replied. The case was tried by the court, without a jury, on February 27, 1997. At the close of Hernandez' case, the defendants moved for an involuntary dismissal based on Hernandez' failure to move the original promissory note and assignment into evidence. The involuntary dismissal was granted by the court. The next day the court entered a dismissal with prejudice.
On March 4, 1997, Hernandez timely filed a motion for new trial and/or rehearing, stating therein that he was able to produce the original note and assignment upon rehearing or new trial. On March 20, 1997, the court entered an order denying both motions. Hernandez filed a timely appeal.
We conclude that the defendants' motions for involuntary dismissal were properly granted but hold that the trial judge abused his discretion by denying Hernandez' motion for rehearing. See National Enterprises, Inc. v. Martin, 679 So.2d 331 (Fla. 4th DCA 1996).
Fla. R. Civ. P. 1.530(a) reads as follows:
A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment.
Clearly, the trial judge had the discretion to take additional testimony, or, in this case, receive the original note and assignment into evidence and allow the trial to continue. In deciding whether to re-open a case under these circumstances the trial judge should consider 1) the magnitude of the moving party's omission, 2) any unfair prejudice to *929 the non-moving party,[1] and 3) how the denial of the motion will affect the best interest of justice. In this case the magnitude of the plaintiff's omission was limited to the introduction of the original note and assignment. The most that would have been necessary would have been for the court to allow a single witness to testify as to the authenticity of these documents and to then allow the plaintiff to move them into evidence. As concerns the second criterion, we are unable to identify any prejudice to the defendants beyond the fact that they will have to defend on the merits of the case. Finally, and most significantly, the record below is devoid of any evidence that this note and assignment constitute anything less than a fair and just debt which the defendants are and should be legally obligated to pay. If the defendants have a valid defense to this claim, they will surely prevail. As observed by the First District Court of Appeal in Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983):
[T]he rules of procedure must not be permitted to become so technical that "they obscure the justice of the cause." Sundell v. State, 354 So.2d 409, 410 (Fla. 3d DCA 1978). Rather, the rules should be construed in such a manner as to "further justice, not to frustrate it." Singletary v. State, 322 So.2d 551, 555 (Fla.1975). Only by applying what we perceive to be the preferred construction to rules of procedure, can we carry out the intended purpose behind the rules' adoption: that a case be determined on its merits. Messana v. Maule Industries, Inc., 50 So.2d 874, 876 (Fla.1951).
Id. at 774, 775 (emphasis added).
We reverse and remand for a new trial.
NOTES
[1] We recognize that the granting of a motion for rehearing is, in a sense, always prejudicial to the non-moving party. This critertion will be satistified, however, only where the prejudice suffered is "unfair." For example, where the non-moving party was prepared to call witnesses who, although available at the time of trial, are no longer available.