974 So.2d 477 (2008)
David FREELAND, Appellant,
v.
Nancy FREELAND, Appellee.
No. 2D07-280.
District Court of Appeal of Florida, Second District.
January 25, 2008.
*478 Matthew D. Brumley, Tampa, for Appellant.
Gary A. Urso, New Port Richey, for Appellee.
ALTENBERND, Judge.
David Freeland appeals a final judgment of dissolution of his marriage to Nancy Freeland. He challenges two aspects of the final judgment relating to equitable distribution. Without further discussion, we conclude that the trial court did not err in refusing to adjust the calculation of equitable distribution to account for a postfiling gift that the Husband gave to his adult child from a prior marriage. We conclude, however, that the portion of the judgment requiring the Husband to pay an equalizing payment appears to contain a miscalculation resulting from a mathematical error by the parties' joint financial expert. The Husband filed a motion for rehearing that identified and explained this problem, but the trial court denied that motion without a hearing. The Husband asks this court simply to order the trial court to correct the calculation. We conclude that the record does not permit that relief. On the other hand, the record does establish that the trial court abused its discretion when it did not conduct a hearing on the Husband's motion for rehearing to consider this, problem and clarify its ruling.
The parties were married for approximately fifteen years. To their credit, they were able to resolve the differences between their respective positions prior to trial except for four financial issues. Even during the trial, every effort was made to resolve matters efficiently and without discord.
Because most issues were resolved prior to the trial, at the beginning of the trial, the Wife's counsel read an "agreement" into the record. Our record concerning this agreement is a little unusual. There was no exhibit formally filed in the record at the time the Wife's counsel read this partial settlement agreement to the trial judge. The first exhibit in the record is exhibit "2," which suggests that the parties may have believed that the partial settlement agreement was exhibit "1." The final judgment attaches an "agreement read into the record," as exhibit "A." The judgment was entered weeks after the trial, and we are not certain whether exhibit "A" was prepared before or after the trial. Exhibit "A" is not signed by the parties, and no one suggests that there is a signed stipulation between the parties determining the equalizing payment.
When the Wife's counsel read the agreement into the record, he occasionally digressed to explain the agreement. The critical paragraph in the written agreement attached to the final judgment as exhibit "A" states:
As an equalization of the distribution of the marital assets herein, the Husband shall pay to the Wife the sum of $95,728.20. Said sum shall be paid to the Wife within fourteen (14) days from the date of the execution of this Agreement.
*479 The discussion of this paragraph on the record states:
[T]his paragraph will be changed according to the Court's ruling. So there will be an equalization necessary of the marital assets. And it will require either wife to pay husband or husband to pay wife, depending on what the Court rules. And so I think we need to have [the financial expert] here, because she can run our calculation for us, depending on what you might rule.
Thus, the above-quoted language from exhibit "A" was never "read into the record," and no signed stipulation was filed in the record establishing an equalization payment of $95,728.20. However, both the agreement read into the record and the agreement in exhibit "A" to the final judgment reflect the parties'"intent to effectuate a 50/50 distribution."
After the agreement was read into the record, the parties presented the testimony of a joint expert witness as to financial matters. In answer to a question posed by the Wife's counsel, the expert opined that the equalizing payment to be paid by the Husband to the Wife should be $95,728.20. It is obvious from the documents in the record that the expert's calculation was incorrect and that the formula she used failed to divide the equalization amount in half.[1] Thus, if a 50/50 split was intended, then the expert's calculation contains an error of $47,864.10.
During trial, the Husband's counsel did not cross-examine the expert on this error, but instead stated:
Since we've agreed to the other issues, I'm not going to make an issue of the valuations on the particular equitable distribution worksheet that you have prepared, because we've agreed to only discuss four issues today, but you would acknowledge I'm sure that in the event the Court decides to give a credit to Mr. Freeland on the issue of the gift to the son and the loan to Mrs. Freeland's brother, that the amount of money to be transferred would change?
When the trial court issued its judgment, its rulings on the disputed issues caused it to adopt the expert's calculation. Thus, the judgment required the Husband to pay an equalizing payment of $95,728.20. The Husband moved for rehearing, explaining that the judgment incorporated this mathematical error. The Husband described the error as a "bilateral mistake" by the parties' joint expert. The trial court denied the motion without a hearing, and the Husband appealed.
The Husband contends that the parties intended to effectuate an equitable distribution that was a 50/50 split. He asks this court simply to reverse the portion of the judgment setting the equalization payment at $95,728.20 with instructions to correct this amount to $47,864.10. See Prinz v. Prinz, 596 So.2d 807 (Fla. 2d DCA 1992) (reversing where final judgment did not reflect the obvious intent of the parties). The Wife contends on appeal that they did not agree, to a precise 50/50 split. Although we are inclined to believe that the Husband's position in his motion for rehearing has merit, we are not certain that the above-described content of the record permits us to provide this relief. Especially in the absence of a signed stipulation in this record, we, cannot determine whether this calculation is the type of mistake for *480 which the Husband was entitled to relief. If he were entitled to relief, we are not certain whether the trial court could simply correct the judgment or whether the parties would need to renegotiate their agreement.[2]
It is clear, however, that the motion had sufficient merit that the trial court needed to conduct a hearing to consider the merits of the motion. To the extent that the trial court denied a hearing on this issue, it abused its discretion.
Florida Rule of Civil Procedure 1.530(a) provides that "On a motion for rehearing of matters heard without a jury . . . the court may open the judgment if one has been entered, take additional testimony and enter a new judgment." Additional testimony may be taken on any or all of the issues for a full development of the essential facts so that the trial judge may render a more accurate judgment. See, e.g., Pensacola Chrysler-Plymouth, Inc. v. Costa, 195 So.2d 250, 254 (Fla. 1st DCA), cert. denied, 204 So.2d 211 (Fla.1967). Moreover, this rule provides the trial court an opportunity to correct any error it has committed if it becomes convinced it has erred. See, e.g., Elmore v. Palmer First National Bank and Trust Co., 221 So.2d 164, 166 (Fla. 2d DCA 1969).
Wynocker v. Wynocker, 500 So.2d 555, 557 (Fla. 2d DCA 1986). Thus, on remand, unless the parties can achieve an amicable settlement of this remaining issue, the trial court should conduct a hearing to determine whether the miscalculation of the equalizing payment is a matter that permits relief either as a mutual mistake that was relied upon by both parties in their agreement, perhaps requiring them to renegotiate the agreement, or a trial court error that can be corrected by amending the amount of the equalizing payment in the judgment.
Reversed and remanded.
SAL CINES and WALLACE, JJ., Concur.
NOTES
[1] The author of this opinion has no standing to criticize the financial expert, having been required to publish an opinion to correct an error in a child-support formula established in one of his earlier opinions. See Gingola v. Velasco, 668 So.2d 1054, 1055 (Fla. 2d DCA 1996).
[2] Because no hearing has been held on the motion for rehearing, it is difficult to determine how to categorize this mistake. The parties have not been allowed to argue, for example, whether it is a unilateral or a mutual mistake. See generally Feldman v. Kritch, 824 So.2d 274, 277 (Fla. 4th DCA 2002) (discussing effect of unilateral or mutual mistake of fact in context of signed settlement agreement). It may be neither. It may simply be a mathematical error by the trial judge in entering judgment without double-checking the joint expert's math.