DAMOORGIAN, J.
Appellant, Bert Brander, appeals the final order dismissing Brander’s amended petition to revoke a will and trust agreement. We reverse.
This appeal emanates from Appellees’ filing a motion to dismiss Brander’s petition on the grounds that Brander failed to serve certain indispensable parties within 120 days of filing the complaint. See Fla. R. Civ. P. 1.070(j). The indispensable parties consisted of Farmington River Watershed Association, Inc. (“FRWA”), Charlotte Theriault, Marcus Brander, Brooke Brander, and Casey Brander.
At the hearing on the amended motion to dismiss, Brander’s counsel mistakenly advised the trial court that the indispensable parties had not been served. The trial court granted the motion and dismissed the petition. Brander moved for rehearing, claiming that counsel’s statement that service had not been effectuated was incorrect and that all of the indispensable parties had been timely served. Without conducting a hearing, the trial court denied the motion. This appeal follows.
“A denial of a motion for rehearing is reviewed under the abuse of discretion standard.” J.J.K. Int’l, Inc. v. Shivbaran, 985 So.2d 66, 68 (Fla. 4th DCA 2008) (citing Gibson Trust, Inc. v. Office of the Atty. Gen., 883 So.2d 379, 382 (Fla. 4th DCA 2004)). Moreover, the standard of review of a trial court’s dismissal of a complaint for failing to timely effect service of process is abuse of discretion. Arison v. Offer, 669 So.2d 1128, 1129 (Fla. 4th DCA 1996); Roberts v. Stidham, 19 So.3d 1155, 1157 (Fla. 5th DCA 2009).
On the face of the record, Brander’s motion for rehearing has sufficient merit because it appears that Charlotte Theriault, Marcus Brander, Brooke Brander, and Casey Brander were timely served. See Freeland v. Freeland, 974 So.2d 477, 480 (Fla. 2d DCA 2008) (“[T]he motion [for rehearing] had sufficient merit that the trial court needed to conduct a hearing to consider the merits of the motion. To the extent that the trial court denied a hearing on this issue, it abused its discretion.”). The mistake which led to the dismissal was properly brought to the court’s attention in the motion for rehearing, and it was error for the trial court to deny Brander a hearing to address the merits of his motion. See id.
*103 In regards to FRWA, we likewise conclude that the trial court abused its discretion in dismissing the petition because where service may be invalid, the proper procedure is to suspend jurisdiction and grant leave to submit proof of proper service. See Nationsbank, N.A. v. Ziner, 726 So.2d 364, 366 (Fla. 4th DCA 1999) (“Even though service of process against both [defendants] was invalid, the action against both should remain pending because service, although invalid, was made within the 120-day limit pursuant to Florida Rule of Civil Procedure 1.070(j).”); Re-Employment Servs., Inc. v. Nat’l Loan Acquisitions Co., 969 So.2d 467, 472 (Fla. 5th DCA 2007) (holding that defects in the return of service does not divest the trial court of personal jurisdiction over defendants, but instead suspends jurisdiction until the plaintiff submits proper proof of service); Payette v. Clark, 559 So.2d 630, 633 (Fla. 2d DCA 1990) (“When an invalid method of service is used, the proper procedure is to quash the service and permit the action to remain pending.”) (citation omitted). In this case, if on rehearing the trial court concludes that service is invalid as to any or all of the indispensible parties but that service was attempted within the time period prescribed by the rule, the proper procedure is to quash service and permit the action to remain pending so that Brander may effectuate service within a reasonable period of time set by the court. Ziner, 726 So.2d at 367.
Finally, we reject Appellees’ contention that counsel’s misrepresentation to the trial court that service of process had not been made is subject to the invited error rule. Under the rule of invited error, ‘“a party may not make or invite error at trial and then take advantage of the error on appeal.’ ” Sheffield v. Superior Ins. Co., 800 So.2d 197, 202-03 (Fla. 2001) (quoting Goodwin v. State, 751 So.2d 537, 544 n. 8 (Fla.1999)). The invited error rule is inapplicable because Brander brought the mistake to the trial court’s attention in a motion for rehearing, rather than raising the issue for the first time on appeal.
Florida Rule of Civil Procedure 1.530(a) provides, “On a motion for a rehearing of matters heard without a jury ... the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment.” Fla. R. Civ. P. 1.530(a). “Moreover, this rule provides the trial court an opportunity to correct any error it has committed if it becomes convinced it has erred.” Wynocker v. Wynocker, 500 So.2d 555, 557 (Fla. 2d DCA 1986).
Accordingly, the trial court erred in dismissing the petition without granting Brander an opportunity for a rehearing. On remand, the trial court shall conduct a hearing to determine whether valid service was effectuated on the indispensable parties, and if it was not, consider granting additional time to perfect service.

Reversed and remanded for further proceedings consistent with this opinion.

WARNER and GERBER, JJ., concur.