NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GULF EAGLE, LLC, a Delaware limited )
liability company, )
)
        Appellant, )
)
v. )        Case No. 2D14-5571
)
PARK EAST DEVELOPMENT, LTD., a )
Florida limited partnership; TODD E. )
GATES; JAMES G. O'GARA; and )
MARQUETTE DEVELOPMENT CO., INC., )
a Florida corporation, )
)
        Appellees. )
)

Opinion filed June 29, 2016.

Appeal from the Circuit Court for Collier
County; Cynthia A. Pivacek, Judge.

Christopher D. Donovan of Roetzel &
Andress, LPA, Naples, for Appellant.

Jon D. Parrish and David P. Fraser of
Parrish, White & Yarnell, P.A., Naples, for
Appellees.


CASANUEVA, Judge.

        Gulf Eagle, LLC, appeals an order vacating a deficiency judgment which

had been entered against the Appellees, Park East Development, LTD, Todd E. Gates,

James G. O'Gara, and Marquette Development Company, after a bench trial. The

convoluted path that the deficiency judgment took in the trial court has resulted in legal chaos; we are asked to make order from this chaos. We conclude that an erroneous ruling made without notice or an opportunity to be heard requires us to reverse this case.

## I. Facts and Procedural History

In 2007, Park East obtained loans totaling $1,570,000 from Liberty Bank. In addition to Park East's promise to pay, Liberty Bank obtained guarantees ensuring repayment of the loan from Mr. Gates, Mr. O'Gara, and Marquette Development. After Park East defaulted on its loan payments, Liberty Bank sued all of the Appellees. The trial court entered a summary judgment of foreclosure in the amount of $1,539,863.61 against Park East as to count one of the complaint which was related to Park East's mortgage and promissory note. The judgment did not address the remaining counts of the complaint related to the guarantees allegedly made by Mr. Gates, Mr. O'Gara, and Marquette Development. Following the foreclosure judgment, Gulf Eagle was substituted as the plaintiff. The real property securing the promissory note was sold at a judicial sale, and a deficiency judgment was thereafter sought against the Appellees in the amount of $606,863.61.

The matter was set for trial on May 1, 2014, and after Gulf Eagle had rested its case, the Appellees moved for a directed verdict based on the failure of Gulf Eagle to introduce as evidence the written guarantees on which liability was predicated and the failure to establish the authenticity of each guarantee. Gulf Eagle argued that the summary judgment of foreclosure was against all of the Appellees, that the personal guarantees "were part of the original summary judgment of foreclosure," and that "[n]o

additional evidence is needed."  As a result, Gulf Eagle argued, liability for the guarantees had already been determined and the only issue to be tried was damages. The Appellees correctly noted that the summary judgment of foreclosure did not address the counts of the complaint related to the personal guarantees of Mr. Gates, Mr. O'Gara, and Marquette Development.

The trial court agreed with Gulf Eagle, denied the motion for a directed verdict and, on the same date as the trial, May 1, 2014, entered a deficiency judgment against all of the Appellees.  Thereafter, on October 6, 2014, pursuant to Gulf Eagle's motion to correct scrivener's error, the trial court entered a "Final Deficiency Judgment" and an "Order on Amended Motion to Correct Error[;] Order Vacating Deficiency Judgment Entered May 1, 2014."  This order made two important findings: first, that Gulf Eagle proved its debt only against Park East; and second, because the counts against the guarantors had never been noticed for trial, liability against the guarantors had not yet been determined.  Therefore, the trial court vacated the deficiency judgment previously entered and ruled that the deficiency judgment would apply to only Park East.

On October 9, 2014, the Appellees filed an "Emergency Motion for Rehearing," arguing that the counts against them had been noticed for trial and were tried on May 1.  Thereafter, on October 13, 2014, without prior notice to the parties or an opportunity for them to be heard, the trial court issued an "Amended Final Deficiency Judgment" and an "Amended Order on Amended Motion to Correct Error[;] Order Vacating Deficiency Judgment Entered May 1, 2014," changing, in substance and impact, the October 6 order.  In these new rulings, the trial court concluded that the

guarantees necessary to establish the liability of Mr. Gates, Mr. O'Gara, and Marquette Development "were never offered into evidence" and, therefore, these three Appellees could not "be held liable for the debt." Judgment was entered in their favor, thereby rescinding the prior order's determination that further proceedings were necessary.

## II. Discussion

It is clear from this record, as the trial court ultimately found, that the guarantees had never been admitted into evidence and that there had never been a ruling that the Appellees were liable for the guarantees. The representation by counsel for Gulf Eagle during the trial that the guarantees "were part of the original summary judgment of foreclosure" was incorrect. However, there is nothing in this record to suggest that counsel's representation was made in anything but good faith. During trial, both the trial court and counsel for Gulf Eagle had the mistaken belief that summary judgment had been entered against the Appellees as to their liability for the guarantees, even though the Appellees informed the trial court and counsel that this was not correct.

As a result of this incorrect finding, the trial court improperly denied the Appellees' motion for directed verdict. If the trial court had correctly granted the motion for directed verdict, Gulf Eagle could have moved for rehearing to present additional evidence. Florida Rule of Civil Procedure 1.530(a) provides as follows:

> Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment.

This court's jurisprudence is clear that "[a] party cannot be penalized for good faith reliance on a trial court's ruling." John Hancock Mut. Life Ins. Co. v. Zalay,

522 So. 2d 944, 946 (Fla. 2d DCA 1988) (citing Fla. Air Conditioners, Inc. v. Colonial Supply Co., 390 So. 2d 174 (1980)). In those instances where later events establish the existence of an erroneous ruling, this court has required that "litigants must be granted an opportunity to present their case under the corrected ruling." 522 So. 2d at 946. A remedy in such circumstances is to allow the aggrieved party to present additional evidence, and the failure to do so may constitute an abuse of discretion. Id. We continued to follow this rationale in Moody v. Dorsett, 149 So. 3d 1182, 1184 (Fla. 2d DCA 2014), where this court noted that it affords the party "no more relief than that" originally available.

Generally, to reopen a case, a party must establish two evidentiary predicates. The first predicate is that the presentation of evidence will not unfairly prejudice the opposing party and, second, that reopening will serve the best interests of justice. Robinson v. Weiland, 936 So. 2d 777, 781 (Fla. 5th DCA 2006); Hernandez v. Cacciamani Dev. Co., 698 So. 2d 927, 928-29 (Fla. 3d DCA 1997). Both factors are met here.

This case is factually similar to Hernandez. There, the appellant sued to enforce a promissory note and a personal guarantee but failed to move the original promissory note and assignment into evidence at trial. 698 So. 2d at 928. The Third District held that the trial court properly granted the appellees' motion for involuntary dismissal, but the trial court abused its discretion in denying the appellant's motion for rehearing. Id. at 928. "The most that would have been necessary would have been for the court to allow a single witness to testify as to the authenticity of these documents and to then allow the plaintiff to move them into evidence." Id. at 929.

In another similar case, National Enterprises, Inc. v. Martin, 679 So. 2d 331, 332 (Fla. 4th DCA 1996), the appellant rested its case during trial without presenting any direct testimony showing its ownership interest in the note and mortgage and without introducing the assignment of the asset. The trial court granted the appellees' motion for involuntary dismissal based on the appellant's failure to establish that it was the owner of the note and mortgage by producing a written assignment of the transfer or sale of the asset. The appellant's timely motion for rehearing was denied. The Fourth District held that, although the trial court did not err in granting the involuntary dismissal, it did abuse its discretion in denying the appellant's motion for a rehearing. Id. at 333. The court noted that "[i]n nonjury cases, the trial court may, either on motion of a party or on its own initiative, grant rehearing and, in its discretion, consider additional evidence." Id. (quoting Crum v. State, 507 So. 2d 759, 760 (Fla. 1st DCA 1987)).

Here, Gulf Eagle relied on the trial court's denial of the Appellees' motion for a directed verdict in not moving for rehearing to reopen its case. Gulf Eagle cannot be penalized for its good faith reliance on the trial court's ruling, and it must be granted an opportunity to present its case under the correct ruling. See John Hancock Mut. Life Ins. Co., 522 So. 2d at 946.

Finally, we note that the third incarnation of the final judgment was entered without procedural due process. No opportunity was provided to either party to present argument regarding the trial court's new proposed disposition. See Carmona v. Wal-Mart Stores, E., LP, 81 So. 3d 461, 463 (Fla. 2d DCA 2011) ("Procedural due process requires that each litigant be given proper notice and a full and fair opportunity to be

heard.").  This is particularly important as Gulf Eagle's position deteriorated from its entitlement to proceed against the Appellees to the entry of a final judgment which barred any further litigation.

Reversed and remanded for proceedings consistent with this opinion for which the parties shall have notice and an opportunity to be heard.

MORRIS and LUCAS, JJ., Concur.