PER CURIAM.
Appellant, Timothy J. Manko, appeals an amended final judgment of dissolution of marriage that awarded Appellee, Laurie A. Manko, alimony and ordered Appellant to obtain life insurance naming Appellee as the beneficiary to protect the alimony award pursuant to section 61.08(3), Florida Statutes (2018). Appellant argues, inter alia , that the trial court erred in denying his Florida Rule of Civil Procedure 1.530(a) motion to reopen the evidence as to the life insurance issue. We agree and reverse on that ground.
After entry of the final judgment, Appellant moved for rehearing pursuant to rule 1.530, arguing inter alia , that he attempted to obtain life insurance after rendition of the final judgment and only then discovered that he could not get approved due to a medical condition. He supported the motion with an affidavit and documentation of denials from three life insurance companies. Given this alleged newly discovered evidence, Appellant requested a retrial on the life insurance provision in the final judgment.
The trial court denied Appellant's motion on this ground without considering Appellant's proffered evidence.[1] We conclude that this was error.
" Florida Rule of Civil Procedure 1.530(a) enables a trial court to evaluate matters that it did not consider prior to judgment, and to correct any error if the trial court becomes convinced that it has erred." Byrne v. Byrne , 128 So. 3d 2, 7 (Fla. 3d DCA 2012) (citation omitted). "Generally, to reopen a case, a party must establish two evidentiary predicates." Gulf Eagle, LLC v. Park E. Dev., Ltd. , 196 So. 3d 476, 479 (Fla. 2d DCA 2016). "The first predicate is that the presentation of evidence will not unfairly prejudice the opposing party and, second, that reopening will serve the best interests of justice." Id. (citations omitted).
On this record, there is no indication that Appellee would suffer any prejudice were the trial court to reopen the evidence on this limited issue. Therefore, given Appellant's allegation that he discovered it was impossible for him to obtain life insurance after rendition of the final judgment, we conclude that the trial court abused its discretion when it denied Appellant's motion to reopen the evidence. We otherwise affirm.
AFFIRMED in part; REVERSED in part; and REMANDED.
EISNAUGLE, GROSSHANS and SASSO, JJ., concur.

The trial court granted rehearing on another ground and subsequently rendered an amended final judgment.